*In re* ESTATE OF HERTHA ZOGLAUER, a Disabled Person (Arnold Zoglauer, Petitioner-Appellant, v. Arthur Zoglauer, Indiv. and as Guardian of the Estate of Hertha Zoglauer, Respondent-Appellee).

Second District   No. 2—91—0683

Opinion filed May 5, 1992.—Rehearing denied June 24, 1992.

Arnold Zoglauer, of Warrenville, appellant *pro se.*

William J. Page, of Naperville, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Petitioner, Arnold Zoglauer, appeals the trial court order authorizing the sale of certain property in which he had a one-third interest as a tenant in common. On appeal, he contends the trial court did not have the authority to enter such an order. We affirm.

On June 14, 1968, Arnold Zoglauer, his father, Raimond, and his mother, Hertha, purchased a two-flat apartment building in Naperville. The deed to that property states that Arnold, Raimond and Hertha purchased the property not as tenants in common, but as joint tenants.

On December 21, 1983, after a dispute with his son, Raimond executed a quitclaim deed conveying all his right, title and interest in the property to his wife, Hertha. On that same date, Hertha executed a quitclaim deed conveying all of her right, title and interest in the property to Raimond. On April 28, 1989, Raimond died.

Raimond's last will and testament was entered into probate. In Raimond's will, he gave all of his interest in the subject property to Arnold's brother, Arthur Zoglauer. Arthur was also appointed executor of the estate of his father, Raimond, and plenary guardian of the person and estate of his mother, Hertha, who had become incapacitated after a stroke.

Subsequently, a dispute arose between Arnold, Arthur and Hertha as to the ownership of the subject property. Arthur, as executor of his father's estate, petitioned the court to determine the ownership and partition the property. On September 20, 1990, the trial court found the effect of the quitclaim deeds executed by Raimond and Hertha on December 21, 1983, was to sever the joint tenancy. On that same day Arnold filed a special and limited appearance. He insisted the court did not have jurisdiction to partition his property because the action arose in the probate division of the court. He argued that only a chan-

cery court had the jurisdiction to determine the ownership of his property. The court rejected this argument and concluded that Arnold, Arthur and Hertha were tenants in common. Arnold was granted 14 days to file a response to Arthur's petition to partition the property. Arnold failed to file a response.

On November 2, 1990, the trial court granted leave to offer the property for sale subject to the approval of the court. On November 21, 1990, the trial court entered an order for sale of the subject property. The court found that it was in the best interests of Hertha that the real estate be sold and her share of the net proceeds be held, administered and used for her benefit. The court also found the offer to purchase the property commercially reasonable. The court then ordered Arthur, individually and in his capacity as Hertha's guardian, to complete the sale transaction. The court ordered Arnold to execute a deed and other necessary documents to convey his interest in the property to the purchasers. The court also ordered the net proceeds be deposited in an interest-bearing account pending further order of the court.

Arnold refused to execute the deed. As a result, the court found Arnold's failure to execute the deed was without cause and ordered that any judge of the circuit court of Du Page County could execute the deed on his behalf. It is from this order that Arnold appeals.

■■ On appeal, Arnold argues the trial court did not have jurisdiction over the subject property or over his person. As a preliminary matter, Arnold asserts the petition to partition the property was improper because it was unverified. Arnold failed to raise this issue in the court below. A point not raised or argued in the trial court cannot be urged on appeal. (*Nugent v. Miller* (1983), 119 Ill. App. 3d 382, 387.) Accordingly, we will not consider this issue on appeal.

Arnold contends he never subjected himself to the jurisdiction of the court. We disagree. In the present action, Arnold was not served with process, but he was served with notice of all guardianship proceedings. In fact, Arnold actively participated in those proceedings.

He filed a response to Arthur's petition for appointment of guardian requesting he be made his mother's guardian. After the court appointed Arthur guardian, Arnold filed a motion to vacate the portion of the court's order appointing him manager of the subject property. In that motion, Arnold argued the property owned by Raimond, Hertha and Arnold was not properly at issue before the court because the property had been owned in joint tenancy and now was legally held by him. He also filed an answer to Arthur's motion to limit visitation.

Thereafter, Arthur filed a petition to determine ownership and partition the property. It was only then that Arnold filed a document entitled "limited special appearance challenging jurisdiction," arguing the probate court did not have jurisdiction to determine the ownership of the property or to partition it. At the partition hearing, he made an appearance to assert his jurisdictional argument, but after the trial judge rejected this argument, Arnold went on to argue the ownership of the property. He also requested 14 days to file his response to the petition. However, no response was filed and Arnold did not attend any further proceedings.

■ Personal jurisdiction is conferred by service of summons or by general appearance and it is derived from the actions of the person sought to be bound. (*In re Marriage of Wilson* (1990), 193 Ill. App. 3d 473, 480.) It is true that in an action to partition, section 17—103 of the Code of Civil Procedure requires every person having any interest, whether in possession or otherwise, who is not a plaintiff, be made a defendant. (Ill. Rev. Stat. 1989, ch. 110, par. 17—103.) However, even in an action to partition, court participation which recognizes the case being in court waives the requirement of prior service of process. (See *Lord v. Hubert* (1957), 12 Ill. 2d 83, 87.) Although Arnold was never served with process in the action, he was an active participant in the proceedings.

Any action taken by a litigant which recognizes the case being in court will amount to a general entry of appearance unless such action was for the sole purpose of objecting to jurisdiction over the person. (*Wilson*, 193 Ill. App. 3d at 480.) Although Arnold's petition professed to attack the jurisdiction of the court over his person, it actually questioned the jurisdiction of the court to partition the subject property. The purpose and function of a special and limited appearance is to challenge the jurisdiction of the court over the person of the defendant. It does not deal with subject matter jurisdiction. *In re Marriage of Stafeil* (1988), 169 Ill. App. 3d 630, 633.

Even if Arnold's special appearance had raised a meritorious objection, to preserve that issue he was required to stand on that appearance. (*Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 782.) The rule in Illinois is that a special appearance is waived when a party takes affirmative action dealing with the substantive issues. (*Stafeil*, 169 Ill. App. 3d at 633.) Because Arnold argued the merits of the case both before he entered his special and limited appearance and after, we conclude Arnold's actions recognized the action as being in court and amounted to a general appearance, giving the trial court personal jurisdiction over him.

Next, Arnold argues the trial court did not have jurisdiction to partition the property because the action arose in the probate division of the court. This argument is without merit. We first note the case before us on appeal does not deal with the probate of Raimond's estate but rather the guardianship proceedings for Hertha Zoglauer. Thus, the propriety of the actions of the court in regard to the estate of Raimond Zoglauer is not at issue.

■ Broadly defined, subject matter jurisdiction is the power of a particular court to hear the type of case that is then before it. (*Office of the Lake County State's Attorney v. Illinois Human Rights Comm'n* (1990), 200 Ill. App. 3d 151, 154; *Lescher v. Barker*, 57 Ill. App. 3d at 778.) Article 6, section 9, of the Illinois Constitution vests circuit courts with original jurisdiction of all justiciable matters. (Ill. Const. 1970, art. VI, §9.) As divisions of the same constitutional court of general jurisdiction, each division of the circuit court has equal and concurrent subject matter jurisdiction. (*Higgins v. Stockman* (1982), 111 Ill. App. 3d 457, 459; *Lescher v. Barker*, 57 Ill. App. 3d at 778.) The allocation of judicial responsibility to various divisions of the circuit court does not reflect any constitutional barriers to jurisdiction, but rather only administrative convenience. (*In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 967.) Accordingly, we find the probate division of the circuit court of Du Page County had the authority to hear and decide matters relating to the ownership and partition of the real estate at issue.

■ Lastly, Arnold argues the trial court erred in finding Raimond, Hertha and Arnold owned the property as tenants in common. He argues the joint tenancy was never severed during Raimond's lifetime and upon his death Arnold became the sole surviving joint tenant. Again, we disagree.

A joint tenancy will be severed when one or more of the four unities of time, title, interest or possession is destroyed. (*Estate of Dompke v. Dompke* (1989), 186 Ill. App. 3d 930, 935.) A joint tenant can sever a joint tenancy by conveying his or her interest without the consent or permission of the other. (*Johnson v. Beneficial Finance Co. of Illinois, Inc.* (1987), 154 Ill. App. 3d 672, 674; *Minonk State Bank v. Grassman* (1983), 95 Ill. 2d 392, 395-96.) Clearly, the execution of the quitclaim deeds by Raimond and Hertha on December 21, 1983, conveying the interest of each in the property to the other, severed the joint tenancy. The trial court properly concluded that after that conveyance the parties held the property as tenants in common.

Thus, we conclude the trial court's order authorizing the sale of the property and the execution of the deed conveying Arnold's right,

title and interest in the property on his behalf was proper. Accordingly, for the reasons set forth in this opinion, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and NICKELS, JJ., concur.