18 June 1999

No. 2--98--0536

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF             ) Appeal from the Circuit Court

C.E. DON SNIDER,              ) of Kane County.

                              )

Petitioner-Appellee,     ) No. 97--D--1368

                              )

and                           )          

                              ) 

REBECCA C. SNIDER,            ) Honorable                  

                              ) Kurt P. Klein,

Respondent-Appellant.    ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Respondent, Rebecca Snider (Rebecca), appeals from the orders of the trial court regarding the 
in personam
 jurisdiction of the court and the judgment for dissolution of marriage.  We affirm.

Petitioner, C.E. Don Snider (Don), filed a petition seeking dissolution of marriage in Illinois on October 3, 1997, and a summons was served on Rebecca, who lived in West Virginia.  Rebecca filed a limited and special appearance and a motion to quash service of summons, arguing that the court lacked 
in personam
 jurisdiction over her.  The court granted her motion, finding that, while it had 
in rem
 jurisdiction over the marriage, it lacked 
in personam
 jurisdiction over Rebecca.  Service was quashed as to all issues except for grounds for dissolution of marriage and the entry of an order dissolving the marriage.

Don then filed a motion seeking a default order against Rebecca and a hearing on the issue of grounds for dissolution.  The court ordered the parties to submit memoranda of law on whether Rebecca had the right to appear and participate in the grounds portion of the proceedings.  After considering the memoranda, the court ruled that Rebecca could not generally appear in the 
in rem
 grounds proceedings and retain her special and limited appearance and objection to 
in personam
 jurisdiction in those portions of the proceedings requiring 
in personam
 jurisdiction over her; if she were to participate in the grounds proceedings, she would waive her special and limited appearance and submit herself to the personal jurisdiction of the court.  Rebecca did not participate further in the proceedings.  The court subsequently granted Don's motion for a default order against Rebecca and entered a judgment for dissolution of marriage.  Rebecca appeals from the court's orders regarding 
in personam
 jurisdiction, the default order, and the dissolution of marriage which followed.  

Rebecca contends that the trial court erred in finding that she could not generally appear in the 
in rem
 grounds proceedings and retain her special and limited appearance and objection to 
in personam
 jurisdiction in the portion of proceedings requiring 
in personam
 jurisdiction over her.  We disagree.

Any action taken by a litigant that recognizes a case as being in court amounts to the entry of a general appearance unless the action was for the sole purpose of objecting to jurisdiction over the person.  
In re Estate of Zoglauer
, 229 Ill. App. 3d 394, 397 (1992).  A special and limited appearance is meant only to challenge the jurisdiction of the court over the person of the defendant; it may not deal with other issues.  
Zoglauer
, 229 Ill. App. 3d at 397.  A special appearance is waived when a party takes affirmative action dealing with substantive issues.  
Zoglauer
, 229 Ill. App. 3d at 397.

Here, Rebecca filed a special and limited appearance contesting personal jurisdiction over her.  The trial court agreed as to all matters but the 
in rem
 proceeding for dissolution.  Rebecca argues that, because only 
in rem
 jurisdiction is required for the grounds portion of the dissolution proceedings, nothing she could do in the grounds proceedings could vest the court with 
in personam
 jurisdiction.  We do not agree with this nonsequitur. Any action Rebecca could take in this proceeding that raises issues other than lack of personal jurisdiction constitutes a general appearance.  See 
Zoglauer
, 229 Ill. App. 3d at 397.  If Rebecca were to present a defense to the issue of grounds, she would be raising an issue other than lack of personal jurisdiction.  Presenting a defense is an affirmative action dealing with substantive issues; such action waives a special appearance.  See 
Zoglauer
, 229 Ill. App. 3d at 397.  

Rebecca is attempting to use lack of personal jurisdiction as a form of limited immunity, essentially treating lack of personal jurisdiction as a sword rather than a shield.  Like the Cheshire Cat, she claims to appear, but not completely.

Rebecca cites the case of 
In re Custody of Rose
, 281 Ill. App. 3d 423 (1996), for the proposition that one may defend an 
in rem
 action without entering a general appearance.  However, we find that Rebecca reads 
Rose
 too broadly.  In 
Rose
, the wife filed for dissolution of marriage and custody of the couple's child.  The husband entered a special and limited appearance, contending that the trial court did not have personal jurisdiction over him or subject matter jurisdiction over the dissolution or the wife's motion for custody.  
Rose
, 281 Ill. App. 3d at 427.  The court found that, while it did not have personal jurisdiction over the husband, it did have subject matter jurisdiction over the dissolution and child custody.  The court granted the petition for dissolution but did not enter orders regarding division of marital property or collateral issues.  The husband had also filed a counterpetition for custody, which he withdrew when the court warned him that to proceed on the counterpetition may constitute a waiver of the special appearance.  
Rose
, 281 Ill. App. 3d at 428.  On appeal, the court found that by filing the counterpetition the husband waived his special appearance and submitted himself to the court's 
in personam
 jurisdiction.  
Rose
, 281 Ill. App. 3d at 432-

33.

Rebecca seizes upon one sentence of the opinion, wherein the court states that "Michael [husband] was free to defend Martha's petition for custody ***" (
Rose
, 281 Ill. App. 3d at 432), and argues that a defendant may defend an 
in rem
 proceeding without waiving a special and limited appearance or submitting himself to the 
in personam
 jurisdiction of the court.  However, the court in 
Rose
 was not asked to address the issue of defending an 
in rem
 proceeding and the implication thereof.  The issue presented to that court was whether proceeding on or merely filing the husband's counterpetition would waive his special and limited appearance.  
Rose
, 281 Ill. App. 3d at 432-33.  The husband in 
Rose
 clearly availed himself of the protection of the court and submitted to the personal jurisdiction of the court. 
Rose
, 281 Ill. App.3 d at 433.  
Rose
 is correct as to the questions raised in that case.  However, the case before us is distinguishable and does not reach the same issue.  A respondent may defend an 
in rem
 proceeding without entering a general appearance; however, such a defense may only go to lack of 
in personam
 jurisdiction.  Any other affirmative action dealing with substantive issues waives a special and limited appearance.  See 
Zoglauer
, 229 Ill. App. 3d at 397.  Therefore, the court did not err in ruling that Rebecca's participation in the grounds proceeding would waive her special and limited appearance.

Rebecca also argues that she should have been allowed to participate in the grounds proceedings because of the bifurcated nature of dissolution proceedings.  Section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides:

"Contested trials shall be on a bifurcated basis with the grounds being tried first.  Upon the court determining that the grounds exist, the court may allow additional time for the parties to settle amicably the remaining issues before resuming the trial, or may proceed immediately to trial on the remaining issues.  In cases where the grounds are uncontested and proved as in cases of default, the trial on all other remaining issues shall proceed immediately, if so ordered by the court or if the parties so stipulate, issue on the pleadings notwithstanding."  750 ILCS 5/403(e) (West 1996).  

Rebecca argues that the "bifurcated basis" of the trial creates two separate causes of action in which a party can enter separate appearances, allowing a general appearance in one proceeding and a special and limited appearance in the other.  We disagree.  A proceeding for dissolution of marriage is not made up of separate causes of action.  While certain aspects of dissolution, 
i.e.
, property settlement, maintenance, 
etc.
, are handled only after the issue of grounds for dissolution is concluded, this in no way divides a dissolution proceeding into separate causes of action.  The statute itself refers to "remaining issues" to be decided after grounds are proved (750 ILCS 5/403(e) (West 1996), not "the next cause of action."  A petition for dissolution of marriage begets one cause of action, and a party may only enter one appearance therein.  Rebecca's argument affords her no relief.  The court did not err in ruling that Rebecca's participation in the hearing on grounds would waive her special and limited appearance, nor did it err in granting Don's petition for dissolution of marriage.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

GEIGER and GALASSO, JJ., concur.