MONIQUE MINIKON, Indiv. and as Mother and Next Friend of Dashun Minikon, a Minor, Plaintiff-Appellant, v. OLGA ESCOBEDO, Special Adm'r of the Estate of George Thompson, Deceased, Defendant-Appellee (Philip Gyadu-Mantey, Defendant).

First District (4th Division)    No. 1—00—3016

Opinion filed August 23, 2001.

James A. Karamanis, of Chicago, for appellant.

Querrey & Harrow, Ltd., of Chicago (David E. Neumeister, Kelli A. Borden, and Jonathan E. Irwin, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Monique Minikon, individually and as mother and next friend of Dashun Minikon, a minor, appeals from an order of the circuit court dismissing the personal injury claims she asserted against the defendant, Olga Escobedo, special administrator of the estate of George Thompson, deceased. For the reasons that follow, we reverse the order of the circuit court and remand this cause for further proceedings.

On January 2, 1997, the plaintiff and her minor son, Dashun Minikon, were riding in a motor vehicle driven by George Thompson when it collided with a motor vehicle driven by Philip Gyadu-Mantey. On December 31, 1998, the plaintiff filed the instant negligence action against both Thompson and Gyadu-Mantey, seeking damages for injuries she and her son sustained as a result of the collision. After several unsuccessful attempts to serve Thompson with process, the plaintiff discovered that he had died on August 28, 1998, due to causes unrelated to this litigation.

On August 5, 1999, the trial court granted the plaintiff's motion, filed that same day, to spread Thompson's death of record. Subsequently, on September 15, 1999, the plaintiff filed a motion requesting that Escobedo, a secretary employed by her attorneys, be appointed as special administrator of Thompson's estate for the purpose of defending this action. On September 27, 1999, that motion was granted, and Escobedo was so appointed.

The plaintiff asserts that Escobedo executed a waiver of service of summons on December 8, 1999. The record does not contain any such waiver but does contain a motion Escobedo filed on January 27, 2000, in which she admitted that she "waived service of summons and complaint on December 8, 1999."

On January 20, 2000, Escobedo filed an appearance and jury demand in her capacity as special administrator of Thompson's estate. Thereafter, on January 27, 2000, Escobedo filed a motion to dismiss the plaintiff's complaint as to Thompson. Escobedo noted that the plaintiff had never filed an amended complaint naming Escobedo in her representative capacity as a defendant and that, in fact, the only complaint on file named Thompson as a defendant. She argued that the filing of the complaint against Thompson after his death did not invoke the jurisdiction of the court. The plaintiff did not respond to the motion. Instead, on January 31, 2000, she filed a motion seeking leave to file an amended complaint naming Escobedo in her represen-

tative capacity as a party defendant. On February 10, 2000, the trial court entered an order dismissing the plaintiff's original complaint and granting her leave to file an amended complaint *instanter*.

Thereafter, on March 7, 2000, Escobedo filed a motion to dismiss the amended complaint, arguing that the claims asserted against her therein are time-barred. Escobedo argued, *inter alia*, that the plaintiff failed to proceed with reasonable diligence, as required by section 13—209(c) of the Code of Civil Procedure (Code) (735 ILCS 5/13—209(c) (West 1998)), in moving for leave to file the amended complaint substituting her as a defendant in her representative capacity. In the motion, Escobedo noted that 191 days had elapsed from the date that Thompson's death was spread of record to the date the plaintiff sought leave to file her amended complaint. In her response to the motion, the plaintiff argued that she acted with reasonable diligence under the circumstances. She also attributed a portion of her delay in seeking leave to file an amended complaint to the refusal of defense counsel to seek the appointment of a special administrator after being advised that Thompson was dead and to the fact that her own attorney was in the process of moving to a new law firm.

On April 25, 2000, the circuit court granted Escobedo's motion and dismissed the plaintiff's action against her "with prejudice." The trial court also made a written finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay the enforcement of or appeal from its order. Thereafter, the plaintiff filed a motion for reconsideration, which the trial court denied on July 27, 2000. This timely appeal followed.

●1 Initially, we agree with Escobedo that the source of our jurisdiction over the instant appeal is Rule 304(a), rather than Supreme Court Rule 303 (155 Ill. 2d R. 303), as asserted by the plaintiff. At the time the trial court entered its April 25, 2000, order, which constituted a final judgment as to Escobedo, the plaintiff's claim against Gyadu-Mantey remained pending, thus precluding an appeal pursuant to Rule 303. A final judgment as to fewer than all the parties in a case can be taken only pursuant to Rule 304(a) and only when the trial court makes the necessary findings, as the court did in the instant case. 155 Ill. 2d R. 304(a).

In urging reversal of the trial court's order dismissing her claims against Escobedo as special administrator of Thompson's estate, the plaintiff argues that the mere fact that Thompson was dead when she filed her original complaint against him will not support the trial court's dismissal order. The plaintiff further argues that she fully complied with the provisions of section 13—209(c) of the Code, including its reasonable diligence requirements. Escobedo, however, contends

that the claims asserted against her in the plaintiff's amended complaint are time-barred.

Unfortunately, the parties have briefed their respective positions as if there is no distinction between the dismissal of count I of the plaintiff's amended complaint, which asserted a claim in favor of the plaintiff individually, and the dismissal of count II, brought by the plaintiff for the benefit of her minor son. However, the minority of Dashun Minikon mandates that the two counts be analyzed separately.

•2 Section 13—211 of the Code provides in pertinent part:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, is under the age of 18 *** then he or she may bring the action within 2 years after the person attains the age of 18 years ***." 735 ILCS 5/13—211 (West 1998).

The amended complaint in this case, filed on February 10, 2000, states specifically that Dashun Minikon is a minor. Nothing in the record disputes this fact. As such, on the date the amended complaint was filed, no statute of limitations could yet have run as to any claim on behalf of Dashun.

•3 Having concluded that the claim asserted in favor of the plaintiff's minor son was not time-barred, we find that the trial court erred, as a matter of law, in dismissing count II of the amended complaint. We continue our analysis, however, to determine the propriety of the trial court's dismissal of the claim asserted against Escobedo in favor of the plaintiff individually. We begin with Escobedo's assertion that, as the amended complaint was filed beyond the two-year statute of limitations, it must relate back to the date of filing of the original complaint in order to avoid dismissal.

In *Vaughn v. Speaker*, 126 Ill. 2d 150, 533 N.E.2d 885 (1988), our supreme court applied the relation back doctrine set forth in section 2—616(d) of the Code (735 ILCS 5/2—616(d) (West 1998)) in the context of an action originally brought against a deceased person. The plaintiffs' original complaint in *Vaughn* was timely but named a deceased defendant. After the applicable limitation period had expired, the plaintiffs amended their complaint to name the decedent's co-executors as defendants. In holding that the amended complaint did not relate back to the filing of the plaintiffs' original complaint, the *Vaughn* court did not simply find that the original complaint was a nullity. Rather, the court examined the requirements for the application of the relation back doctrine and determined that the plaintiffs could not satisfy the requirements set forth in section 2—616(d) as there was no indication that either co-executor knew prior to the running of the statute of limitations that a complaint had been filed. *Vaughn*, 126 Ill. 2d at 159-60.

●4 Subsequent to the supreme court's decision in *Vaughn*, the legislature amended section 13—209 of the Code by adding to it subsection (c), which provides as follows:

"(c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." 735 ILCS 5/13—209(c) (West 1998).

Apparently, the legislature enacted section 13—209(c) to specifically address situations where a plaintiff is unaware, at the time she files her action, that a named defendant is dead. *Keller v. Walker*, 319 Ill. App. 3d 67, 71, 744 N.E.2d 381 (2001). Escobedo acknowledges this fact but, nevertheless, argues that an amended complaint filed against the decedent's personal representative after the expiration of the applicable limitations period must still satisfy the criteria for relation back set forth in section 2—616(d) of the Code in order to avoid being dismissed as time-barred. In support of this proposition, Escobedo cites to this court's decision in *Greene v. Helis*, 252 Ill. App. 3d 957, 625 N.E.2d 162 (1993). We find Escobedo's argument in this regard to be without merit and her reliance upon *Greene* to be misplaced.

Section 2—616(d) of the Code is not a limitations provision. Rather, it is a statute that, under certain circumstances, allows the filing of an amended complaint after the expiration of the applicable limitations period to relate back to the date of the timely filing of an earlier complaint. It is a codified legal fiction, the articulated purpose of which is to preserve a cause of action that would be otherwise barred by a statute of limitations. 735 ILCS 5/2—616(d) (West 1998). In contrast, section 13—209(c) is a limitations provision in itself which governs the period within which an "action may be commenced against

the deceased person's personal representative" (735 ILCS 5/13—209(c) (West 1998)). *Hannah v. Gilbert*, 207 Ill. App. 3d 87, 92, 565 N.E.2d 295 (1990). It stands to reason that, if a plaintiff falls within the provisions of the latter statute, she need not avail herself of the former.

We acknowledge, as Escobedo argues, that, in *Greene*, a case involving an action initiated after the effective date of section 13—209(c), we held that the plaintiff's amended complaint naming the decedent's special administrator did not relate back to the date of filing of the original complaint because one of the requirements of section 2—616(d) was not met. *Greene*, 252 Ill. App. 3d at 960; see also 735 ILCS 5/2—616(d) (West 1998). We also held, though, that we were required to disregard the plaintiff's amended complaint because it was filed without leave of court and was, therefore, a legal nullity. *Greene*, 252 Ill. App. 3d at 960-61. Contrary to Escobedo's assertion, however, we never held that a plaintiff availing herself of the provisions of section 13—209(c) of the Code must also satisfy the requirements of section 2—616(d) if an amended complaint naming the personal representative of a decedent as a defendant is filed after the expiration of the applicable limitations period.

The issue in this case is not whether the filing of the plaintiff's amended complaint on February 10, 2000, relates back to the filing of her original complaint on December 31, 1998. The plaintiff does not assert that it does. Rather, the question is whether the plaintiff satisfied all of section 13—209(c)'s requirements for the commencement of an action against the personal representative of George Thompson.

Many of the factual prerequisites to the application of section 13—209(c) are not in dispute. The plaintiff's original action naming Thompson as a defendant was filed after Thompson had died. The plaintiff claims not to have discovered Thompson's death until July or early August 1999, and Escobedo offered no evidence to the trial court contesting this assertion. The two-year limitations period applicable to the plaintiff's individual claim against Thompson (see 735 ILCS 5/13—202 (West 1998)) expired on January 2, 1999, a date after the filing of the plaintiff's original complaint but prior to the time that she learned of Thompson's death. The plaintiff's action against Thompson was one for damages predicated upon negligence resulting in bodily injury. Consequently, the claim survived Thompson's death. 755 ILCS 5/27—6 (West 1998); *Lindsey v. Special Administrator of the Estate of George Phillips*, 219 Ill. App. 3d 372, 375, 579 N.E.2d 445 (1991). Further, since the record reveals that Thompson and his estate are protected by liability insurance, the claim asserted in favor of the plaintiff individually is not "otherwise barred" within the meaning of section 13—209 of the Code. See *Hannah*, 207 Ill. App. 3d at 92-94; 755 ILCS

5/18—12(c) (West 1998). Finally, it is clear that Escobedo was appointed special administrator of Thompson's estate and that the plaintiff's amended complaint was filed against her within two years following the expiration of the statute of limitations for bodily injury claims (735 ILCS 5/13—202 (West 1998)).

With these facts being uncontested, the focus of our analysis is upon the remaining two prerequisites for the application of section 13—209(c), namely, the diligence requirements set forth in subsections (1) and (2) (735 ILCS 5/13—209(c)(1), (c)(2) (West 1998)). Escobedo argues, as she did below, that the plaintiff failed to exercise reasonable diligence both in moving the court for leave to file an amended complaint naming her as a party defendant as required by section 13—209(c)(1) and in serving process upon her as required by section 13—209(c)(2).

Section 13—209(c) does not define the term "reasonable diligence" and the statute does not indicate what factors a court should consider in determining whether a party has exercised reasonable diligence either in seeking leave to file an amended complaint or in serving process. The parties analogize the inquiry to the one performed by a court in the context of Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)) when determining whether a plaintiff has exercised reasonable diligence to obtain service on a defendant. We find this analogy to be appropriate.

•5 Plaintiffs have a nondelegable duty to take all necessary steps to bring their actions to a prompt conclusion. *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129, 501 N.E.2d 367 (1986). As our supreme court observed in *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 282, 492 N.E.2d 1322 (1986), "[n]othing is more critical to the judicial function than the administration of justice without delay." Just as the exercise of reasonable diligence in the service of process is essential to this purpose (*O'Connell*, 112 Ill. 2d at 282), so also is the exercise of reasonable diligence in amending a complaint originally filed against a decedent to name and substitute the decedent's personal representative as a defendant. Supreme Court Rule 103(b) assists the courts of this state in effectuating their historical and constitutional mandate to render justice fairly and promptly (see *O'Connell*, 112 Ill. 2d at 282), and we believe that the same can be said of the diligence requirements set forth in section 13—209(c). Since both Rule 103(b) and the diligence requirements of section 13—209(c) have a common purpose, the expeditious handling of suits, essentially the same factors should be considered in determining whether a plaintiff has exercised reasonable diligence.

•6 In determining whether a plaintiff has exercised reasonable dil-

igence in serving process, courts should consider: the length of time used to obtain service; the plaintiff's activities and efforts in attempting to effectuate service; the plaintiff's knowledge of the defendant's location; the ease with which the defendant's whereabouts could be ascertained; special circumstances affecting the plaintiff's efforts to obtain service; and whether the defendant was served. *Segal v. Sacco*, 136 Ill. 2d 282, 287, 555 N.E.2d 719 (1990). The defendant's actual knowledge of the pendency of a suit and the lack of prejudice to the defendant are additional factors that courts consider in determining whether a plaintiff was diligent in effectuating service of process. *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377, 561 N.E.2d 25 (1990).

●7 In determining whether, after learning of the decedent's death, a plaintiff has exercised reasonable diligence in seeking leave of court to file an amended complaint against the personal representative, courts should consider: the length of time between the date that the plaintiff learns of the death and the date that she moves to file an amended complaint; the plaintiff's activities in preparation for the filing of an amended complaint; the plaintiff's knowledge of the filing of a petition for the issuance of letters of office for the decedent's estate, if any; whether the personal representative had knowledge of the pendency of the action naming the decedent as a defendant; special circumstances which might have contributed to a delay in the plaintiff seeking leave to file an amended complaint; whether an amended complaint substituting the personal representative as a defendant was ever filed; and any prejudice occasioned by a delay in the filing of an amended complaint. Consideration of these factors in determining whether a plaintiff has exercised diligence in seeking leave of court to file an amended complaint naming a personal representative takes into account the purpose of section 13—209(c).

●8 In this case, the plaintiff learned that Thompson was dead in late July or early August of 1999. On August 5, 1999, she filed a motion to suggest Thompson's death of record. Forty-one days later, on September 15, 1999, the plaintiff filed a motion seeking the appointment of Escobedo as special administrator of Thompson's estate for the purpose of defending this action. That motion was granted on September 27, 1999. The record before us does not reflect any activity on the plaintiff's part after Escobedo's appointment until she executed a waiver of service on December 8, 1999. After Escobedo executed the waiver, the plaintiff did nothing further until January 31, 2000, when she filed a motion seeking leave to file an amended complaint naming Escobedo as a party defendant.

Escobedo argues that the 191 days which elapsed from the date

Thompson's death was spread of record until the plaintiff filed her motion for leave to amend her complaint to name Escobedo as a defendant evinces a lack of diligence. We believe, however, that the record clearly demonstrates that the plaintiff acted expeditiously at all times up to the date that Escobedo was appointed as the special administrator of Thompson's estate. It is the period of four months and four days which elapsed between Escobedo's appointment and the date the plaintiff filed her motion for leave to file an amended complaint which compels further analysis.

The plaintiff points out that, during this period of time, she obtained a waiver of service executed by Escobedo on December 8, 1999. However, the execution of a waiver of service by Escobedo did nothing to eliminate the need for the plaintiff to file an amended complaint substituting Escobedo as a defendant in the place of Thompson. A decedent and the special administrator of his estate are separate entities (*Vaughn*, 126 Ill. 2d at 158-59), and a plaintiff is required to set forth in the body of her complaint the names of all defendants against whom relief is sought (735 ILCS 5/2—401(c) (West 1998)). Nor was the plaintiff required to obtain a waiver of service from Escobedo before she could seek leave to file her amended complaint. Accordingly, we fail to see how the fact that the plaintiff obtained the waiver of service is relevant to a determination as to whether she exercised reasonable diligence in seeking leave to file an amended complaint.

We also fail to see the relevance of the fact that, as the plaintiff informs us, her attorney was in the process of moving to a different law firm in late December 1999 and early January 2000. Although counsel's move might well be viewed as an excuse for not having sought leave to file an amended complaint at some earlier date, it can hardly be viewed as a "special circumstance" affecting his ability to have done so.

We are left, then, to determine whether a four-month-and-four-day period of inactivity between the date that Escobedo was appointed special administrator and the date that the plaintiff sought leave to file an amended complaint is sufficient to support a finding that the plaintiff failed to satisfy the diligence requirement of section 13—209(c)(1). Our review of the record fails to reveal any evidence that the delay of approximately four months between Escobedo's appointment as special administrator of Thompson's estate and the filing of the plaintiff's motion seeking leave to file an amended complaint caused evidence to grow stale or caused witnesses to become unavailable or their memories to lapse. Further, Escobedo has never argued that the delay in some manner denied her of a fair opportunity to investigate the circumstances upon which the plaintiff's claim is

predicated. See *Segal*, 136 Ill. 2d at 288-89. Consequently, in the absence of any prejudice to Escobedo and after a consideration of the relevant factors, we conclude that the plaintiff's inactivity for four months and four days is simply insufficient to support a finding that she failed to exercise reasonable diligence in moving the court for leave to file her amended complaint after learning of Thompson's death.

Escobedo also argues that the plaintiff failed to exercise reasonable diligence in serving process upon her as required by section 13—209(c)(2). She argues that the waiver of service she executed on December 8, 1999, was ineffective as it was filed prior to the filing of the amended complaint. She correctly points out that the plaintiff never even attempted to serve process upon her after the filing of the plaintiff's amended complaint.

A court obtains personal jurisdiction over a defendant either when she is served with process or when she enters a general appearance. *Pearson v. Lake Forest Country Day School*, 262 Ill. App. 3d 228, 232, 633 N.E.2d 1315 (1994). Any action taken by a defendant that recognizes a case as being in court constitutes the entry of a general appearance unless the action is taken for the sole purpose of objecting to the court's jurisdiction over the defendant's person. *In re Marriage of Snider*, 305 Ill. App. 3d 697, 699, 712 N.E.2d 947 (1999). On March 7, 2000, 25 days after the plaintiff filed the amended complaint naming her as a defendant, Escobedo filed a motion to dismiss, arguing that the claims asserted against her were time-barred. By filing this motion, Escobedo appeared generally, thus submitting herself to the jurisdiction of the court (*Mueller v. Mueller*, 36 Ill. App. 2d 305, 307, 183 N.E.2d 887 (1962)) and waiving any requirement that she be served with process (*In re Marriage of Gorman*, 284 Ill. App. 3d 171, 178, 671 N.E.2d 819 (1996)). As such, Escobedo can hardly be heard to complain that the plaintiff failed to exercise reasonable diligence in serving her. Therefore, we find no factual basis to support any conclusion that the plaintiff failed to satisfy the diligence requirement in section 13—209(c)(2).

Whether we apply a *de novo* standard of review, as suggested by the plaintiff, or an abuse of discretion standard, as is typically applied to diligence determinations (see *Womick*, 137 Ill. 2d at 376; *Segal*, 136 Ill. 2d at 286), we conclude that the trial court erred in its implicit finding that the plaintiff failed to satisfy the diligence requirements set forth in section 13—209(c) of the Code.

For the reasons stated, we find that the trial court erred in dismissing the claims asserted by the plaintiff against Escobedo as special administrator of Thompson's estate as set forth in counts I and II of

her amended complaint, we reverse the trial court's judgment in that regard, and remand this cause to the circuit court for further proceedings.

Reversed and remanded.

HARTMAN, P.J., and BARTH, J., concur.