NOTICE
Decision filed 07/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220746-U

NO. 5-22-0746

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| JUSTIN ROBERSON, Administrator of the Estate of Michael Steward Jr., Deceased, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 21-L-343 |
| SSM HEALTH ST. MARY'S HOSPITAL, | ) ) | Honorable William D. Stiehl, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the judgment of the circuit court granting the defendant's motion to dismiss for lack of personal jurisdiction where the defendant did not waive its objection to personal jurisdiction by filing a stipulation and a motion for substitution of judge simultaneously with its motion to dismiss.

¶ 2 The plaintiff, Justin Roberson, as administrator of the estate of Michael Steward Jr., deceased, appeals from the circuit court's order of October 19, 2022, dismissing the plaintiff's complaint with prejudice. The circuit court based its dismissal upon its finding that the circuit court lacked personal jurisdiction over the defendant, SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital-St. Louis, incorrectly named as SSM Health

1

St. Mary's Hospital (SSM Health). For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4     The plaintiff is the brother of the decedent, Michael Steward Jr. In April 2019, Michael was living in a nursing care facility in Swansea, Illinois, when he was diagnosed with a urinary tract infection and transferred to SSM Health located in Richmond Heights, Missouri. On April 12, 2019, Michael died at SSM Health from acute hypoxic respiratory failure.

¶ 5     On April 12, 2021, the plaintiff filed a complaint in the circuit court of St. Clair County, Illinois, and an amended complaint on December 23, 2021. The plaintiff's amended complaint consisted of one count of wrongful death and one count of survival action against the defendant. On February 10, 2022, the plaintiff filed a motion for default judgment directed towards the defendant for failing to file an appearance.

¶ 6     On April 11, 2022, the defendant filed a limited appearance for the purpose of contesting jurisdiction, a stipulation withdrawing the plaintiff's motion for default,[1] a motion to substitute judge pursuant to section 2-1001 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001 (West 2020)), and a motion to dismiss for lack of personal jurisdiction pursuant to section 2-301 of the Code (*id.* § 2-301). The circuit court granted the defendant's motion to substitute judge on April 12, 2022.

---

[1]The plaintiff's initial brief states, "The purpose to stipulate for a motion to withdraw was to prohibit the court from scrutinizing the 8 month delay in Defendant filing its appearance after being served." The circuit court did not address the defendant's delay in entering an appearance or the parties' stipulation withdrawing the plaintiff's motion for default. As such, only the timing of the filing of the stipulation is relevant to the issue on appeal.

¶ 7    On October 19, 2022, the circuit court granted the defendant's motion to dismiss for lack of personal jurisdiction. The circuit court found that there was no evidence that the defendant had submitted to personal jurisdiction within Illinois. The circuit court further found that the defendant had not waived its right to object to personal jurisdiction by simultaneously filing a motion for substitution of judge and a stipulation for the withdrawal of the plaintiff's motion for default judgment with its motion to dismiss. The circuit court noted that the two motions were not combined into a single motion but found that "the filing of the motions simultaneously meets the intent of the statute, and that the defendant did not waive its right to object to jurisdiction." The plaintiff now appeals the judgment of the circuit court raising the sole issue of whether the circuit court erred in granting SSM Health's motion to dismiss for lack of personal jurisdiction where the defendant's motion to dismiss was filed simultaneously with a stipulation and a motion for substitution of judge.

¶ 8                                      II. ANALYSIS

¶ 9    The plaintiff argues that the defendant waived all objections to personal jurisdiction when it filed a motion to substitute judge and a stipulation to withdraw the motion for default simultaneously with its motion to dismiss. According to the plaintiff's argument, section 2-301(a) of the Code (*id.* § 2-301(a)) requires a defendant to file a motion objecting to jurisdiction first, and if the defendant later or simultaneously files motions or pleadings not allowed under section 2-301(a)(6), then the defendant submits to the jurisdiction of the court. The plaintiff further argues that section 2-301 makes no reference to allowing a substitution of judge to be combined with a motion to dismiss based upon lack of

3

jurisdiction. As such, the plaintiff argues that the circuit court erred in granting the defendant's motion to dismiss for lack of personal jurisdiction because SSM Health filed its motion to dismiss simultaneously with a motion for substitution of judge and a stipulation and, thus, submitted to the jurisdiction of the court.

¶ 10   We review *de novo* a circuit court's determination regarding jurisdiction where such determination was based on documentation and no evidentiary hearing was conducted. *Russell v. SNFA*, 2013 IL 113909, ¶ 28. Personal jurisdiction can be established by service of process in accordance with appropriate statute, or by a party's voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Section 2-301 of the Code provides that:

> "(a) Prior to the filing of any other pleading or motion other than as set forth in subsection (a-6), a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding ***. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1." 735 ILCS 5/2-301(a) (West 2020).

¶ 11   Section 2-301 goes on to provide that:

> "(a-6) A party filing any other pleading or motion prior to the filing of a motion objecting to the court's jurisdiction over the party's person as set

4

forth in subsection (a) waives all objections to the court's jurisdiction over the party's person prospectively, unless the initial motion filed is one of the following:

> (1) A motion for an extension of time to answer or otherwise plead.

> (2) A motion filed under Section 2-1301, 2-1401, or 2-1401.1."

*Id.* § 2-301(a-6).

¶ 12    We note that section 2-301 was amended in 2000, and that the current version of section 2-301 differs from the earlier version in significant ways. To begin with, section 2-301 now requires an order sustaining or overruling an objection to jurisdiction whereas the prior version only required an appropriate order if the circuit court sustained the objection. *Ryburn v. People*, 349 Ill. App. 3d 990, 993 (2004). Further, as the court in *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006), stated:

> "[T]he current version no longer requires or even provides for the filing of a special appearance to preserve a jurisdictional objection. Second, having eliminated the concept of a special appearance, the current version also no longer specifies that other appearances are 'general appearances.' Third, in its present form, section 2-301 allows a defendant to combine a motion challenging jurisdiction with other motions seeking relief on different grounds; under the prior law, doing so would, in most cases, amount to a general appearance waiving the jurisdictional challenge. Finally, section 2-301 now contains an explicit waiver provision that is narrower than the prior

5

rule that waiver occurred if a party made a general appearance. By its terms, the statute now provides for waiver of an objection based on personal jurisdiction only if the party files a responsive pleading or a motion (other than one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection. Notably, there is no provision that a 'general appearance,' as such, results in waiver."

¶ 13    The *KSAC* court also noted that "[c]uriously, the elimination of the special appearance seems to have gone unnoticed by some courts. Thus, decisions continue to speak of *** waiver of jurisdictional objections that results when a party makes a general appearance." *Id*. This court also noted in *In re Adoption of M.A.E.*, 2022 IL App (5th) 210291-U, ¶ 43, "that some courts have continued to make a distinction between general and special appearances in spite of the statutory amendment."

¶ 14    We stress the statutory amendment discussed above because the case relied heavily upon by the plaintiff, *Clay v. Huntley*, 338 Ill. App. 3d 68 (2003), in support of his argument that the defendant's filing of a stipulation and a motion for substitution resulted in a waiver, refers to the entry of a general appearance versus a special appearance, a distinction that no longer existed after the 2000 amendment to section 2-301. As the plaintiff notes, the *Clay* court stated that "[a]ny action taken by a defendant that recognizes a case as being in court constitutes the entry of a general appearance unless the action is taken for the sole purpose of objecting to the court's jurisdiction over the defendant's person." *Id*. at 76. Although *Clay* was decided in 2003, tracing back the precedent relied upon, the *Clay* court cited to *Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1083 (2001), and the *Minikon* court

6

cited to *In re Marriage of Snider*, 305 Ill. App. 3d 697 (1999). The *Snider* court, a decision issued prior to the 2000 amendment of section 2-301, made the finding that "[a]ny action taken by a litigant that recognizes a case as being in court amounts to the entry of a general appearance unless the action was for the sole purpose of objecting to jurisdiction over the person." *Id.* at 699. The *Snider* court relied on the finding in *In re Estate of Zoglauer*, 229 Ill. App. 3d 394, 397 (1992); however, *Zoglauer* was superseded by statute as stated in *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2001).

¶ 15    The *Schmitt* court held that:

> "Prior to the amendment of section 2-301, it was well established that any action taken by a litigant that recognized a case as being in court amounted to a general appearance unless such action was for the sole purpose of objecting to jurisdiction over the person. [Citations.]
>
> However, when the legislature amends a statute, it is presumed that it intended to effect some change in the law as it formerly existed. [Citation.] In this case, we interpret the legislature's changes to section 2-301 to evince its intent to permit a party to file a motion or other responsive pleading after the party objects to the court's jurisdiction over the party's person. Moreover, as long as the party files the motion or other responsive pleading after he or she objects to the court's jurisdiction over the party's person, the party does not waive its objections to the court's jurisdiction over the party's person." *Id.* at 366.

¶ 16    The plaintiff also relies on *Resurgence Capital, LLC v. Kuznar*, 2017 IL App (1st) 161853, in support of his argument that a motion for substitution of judge as of right waives personal jurisdiction if filed simultaneously with a personal jurisdiction objection. The plaintiff acknowledges that *Kuznar* is not analogous to the case at bar, but argues that it is instructive because the *Kuznar* court held that a motion to substitute judge was not a motion allowed under section 2-301. The *Kuznar* court held that, "[i]f the party objecting to jurisdiction files a responsive pleading or a motion outside the exception listed in section 2-301(a) of the Code, the party waives all objections to the court's jurisdiction over that party." *Id*. ¶ 24. The *Kuznar* court then noted that the defendant had filed numerous motions, including a motion for substitution of judge, prior to filing his objection to jurisdiction which were not motions permitted under section 2-301(a). *Id*. ¶ 25. The *Kuznar* court was not, however, addressing motions or filings made simultaneously or after the filing of the objection to jurisdiction. As such, we do not find *Kuznar* to be instructive.

¶ 17    The plaintiff's argument that any action taken by a defendant simultaneously or after the filing of a motion to dismiss for lack of personal jurisdiction constitutes the entry of a general appearance unless the action is taken for the sole purpose of objecting to the court's jurisdiction over the defendant's person is based on an obsolete legal framework. The filing of a general appearance prior to filing an objection to jurisdiction does not result in the waiver of the objection under the current version of section 2-301, nor would the filing of other pleadings or motions after the filing of a jurisdictional objection equate to a general appearance that would result in a waiver of the jurisdictional objection. See *Ryburn*, 349

8

Ill. App. 3d at 992-93; see also *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 11.

¶ 18    We further note that section 2-301(a) provides that a motion to dismiss may be made singly or included with others in a combined motion, but it does not require that the motions be combined, nor does it prohibit the motions to be filed simultaneously. See 735 ILCS 5/2-301(a) (West 2020); see also *OneWest Bank, FSB*, 2013 IL App (1st) 120010, ¶ 11. Section 2-301(a) only states that if a combined motion is filed, the parts of a combined motion must be identified in the manner described in section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). 735 ILCS 5/2-301(a) (West 2020). Since the amendment of section 2-301, courts have held that a motion objecting to jurisdiction may be filed simultaneously with some other motion without forfeiting a jurisdictional challenge. See *OneWest Bank, FSB*, 2013 IL App (1st) 120010, ¶ 11; *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 26.

¶ 19    This is not to say that a defendant cannot waive all objections to jurisdiction. Section 2-301(a-6) states that if the party files a pleading or motion (other than one seeking an extension of time to answer or otherwise appear), prior to filing a motion to dismiss for lack of jurisdiction, that party waives all objections to the court's jurisdiction over the party's person prospectively. 735 ILCS 5/2-301(a-6) (West 2020). Further, courts have held that a party waives all objections to personal jurisdiction by filing a written appearance and appearing in court to make substantive arguments on the merits without first objecting to personal jurisdiction (see *In re Adoption of M.A.E.*, 2022 IL App (5th) 210291-U, ¶ 43), or appearing at a hearing and requesting other relief without first addressing the

9

jurisdictional motion (see *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 25).

¶ 20   In this matter, the defendant simultaneously filed a stipulation and a motion for substitution of judge with its motion to dismiss for lack of personal jurisdiction. Neither of these filings were made *prior* to the filing of the motion to dismiss. As such, we find that the simultaneous filing of the defendant's motion to dismiss with its motion for substitution of judge and a stipulation did not result in a waiver of the defendant's objection to jurisdiction. We further find that the defendant took no additional actions after the filing of its motion to dismiss that would subject it to the jurisdiction of the circuit court. Therefore, we find that the defendant did not waive its objection to jurisdiction, and we affirm the judgment of the circuit court.

¶ 21                                    III. CONCLUSION

¶ 22   Based on the foregoing, we affirm the judgment of the circuit court of St. Clair County granting the defendant's motion to dismiss for lack of personal jurisdiction and dismissing this matter with prejudice.

¶ 23   Affirmed.