2025 IL App (1st) 241803

SECOND DIVISION
December 30, 2025

No. 1-24-1803

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| *In re* PARENTAGE OF JADE J., | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| (Jasmine E., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | No. 09 D 91417 |
| | ) | |
| v. | ) | Honorable |
| | ) | James Kaplan and William Yu, |
| Timothy J., | ) | Judges Presiding. |
| | | |
| Respondent-Appellee). | | |

---

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justice McBride concurred in the judgment and opinion.
Justice McBride also specially concurred, with opinion.
Justice Howse dissented, with opinion.

**OPINION**

¶ 1 Jasmine E. contends that the circuit court lacked jurisdiction to enter a 2017 order modifying the child support obligations of her child's father, Timothy J. In 2023, Jasmine filed a section 2-1401 (735 ILCS 5/2-1401 (West 2022)) motion to vacate the 2017 child support modification order for want of jurisdiction, and Timothy filed a motion for summary judgment

contending that the circuit court had jurisdiction to modify his child support obligations. The circuit court (1) found that it had jurisdiction to modify child support because Jasmine's attorney appeared at a court date in 2015 and represented Jasmine at that hearing without objection to jurisdiction or the child support modification orders entered at that hearing, (2) granted Timothy's motion for summary judgment, and (3) dismissed Jasmine's motion to vacate. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Jasmine and Timothy have one child together, Jade J., who was born in Harvey, Illinois, in July 2005 and is now 20 years old. In 2009, Jasmine chose to initiate these proceedings in Illinois, even though neither she nor Timothy nor Jade ever resided in Illinois at any period relevant to this appeal. Pursuant to the Uniform Interstate Family Support Act (UIFSA) (750 ILCS 22/101 *et seq.* (West 2008)), she filed a petition for child support in the circuit court of Cook County. Jade's birth in Harvey provided the jurisdictional basis for filing the child support petition in this state. See *id.* § 201(a)(6). In 2012, Jasmine and Timothy resolved the child support dispute through two agreed orders, which provided that Timothy would pay $3,500 per month in child support and deposit $1,000 per month into a trust fund for Jade. Although Jasmine and Timothy never resided in Illinois, the parties have never contested the Illinois circuit court's jurisdiction to enter the aforementioned initial child support orders.

¶ 4    Timothy is a former professional athlete whose career ended in 2015 due to injury. On October 5, 2015, he filed a petition to modify child support and a petition to determine arrears, alleging that he was unemployed and had no income.

¶ 5    On December 9, 2015, the court held a hearing on the petitions and issued three orders. The record does not contain transcripts or a bystander's report for the hearing. One order noted

that "Attorney Christopher Clark appear[ed] on behalf of [Jasmine] and [sought] a continuance." The court granted Clark leave to file an appearance, granted Jasmine an extension of time to respond to Timothy's petitions, required that discovery issue within 45 days, and set a hearing on Timothy's petition for March 16, 2016. The circuit court also temporarily reduced Timothy's child support obligation to $1,000 per month and suspended his obligation to fund the trust account. Another order set a hearing on Timothy's petition to determine arrears. A third order from that day was a uniform order for support modification in which the court found that it "has jurisdiction of the parties and the subject matter." None of the orders reflect an objection by Clark on Jasmine's behalf.

¶ 6     Clark did not follow up with filing an appearance, respond to Timothy's petition, issue written discovery, or appear at any other court dates. Neither he nor Jasmine appeared at the March 16, 2016, hearing. At that hearing, the circuit court found that Timothy (1) no longer had an obligation to pay child support, (2) was current in his child support obligations, and (3) had overpaid support by several thousand dollars. The court continued the case several more times, but neither Jasmine nor Clark appeared at any of the hearing dates.

¶ 7     On July 25, 2017, the court issued a permanent order requiring Timothy to pay $265 per month in child support from August 1, 2017, through June 1, 2023. The order noted that Timothy was current in his child support payments. The order did not address Timothy's obligation to fund the child's trust account, which the court had suspended in the December 9, 2015, order, when attorney Clark was present and did not object. The court took the matter off call.

¶ 8     Jasmine continued to receive $265 per month through June 1, 2023, as the circuit court ordered on July 25, 2017. Then, on June 21, 2023, nearly six years after the modification order and 20 days after Timothy's child support obligations terminated, Jasmine filed a section 2-1401

3

(735 ILCS 5/2-1401 (West 2022)) motion to vacate the July 25, 2017, order modifying child support. Jasmine argued that (1) the court did not have jurisdiction to enter the 2017 order modifying child support and (2) she did not receive notice of any court dates or filings from 2015 through 2017. In response, Timothy argued, in relevant part, that the court had jurisdiction to enter the July 25, 2017, modification order because Clark appeared on Jasmine's behalf at the December 9, 2015, hearing. Jasmine's reply argued that Clark's appearance on her behalf did not equate to her consenting to the court's jurisdiction.

¶ 9        Before the circuit court could rule on Jasmine's section 2-1401 motion to vacate, Timothy filed a response to it and also filed a motion for summary judgment essentially reiterating the arguments he set forth in his response to Jasmine's motion to vacate. In response to the motion for summary judgment, Jasmine admitted that Clark appeared on her behalf, claimed that she did not ask him to and that he did not actually represent her, and highlighted that he never filed an appearance.

¶ 10       The court held a hearing on Jasmine's section 2-1401 motion to vacate concurrently with Timothy's motion for summary judgment on July 10, 2024, as the motion for summary judgment was essentially a response to the section 2-1401 motion. No transcripts of those proceedings were provided to the court. However, the court's order resolving both motions recounts, in chronological detail, the progression of the entire case as well as the July 10, 2024, hearing. According to that order, "[d]uring the summary judgment argument, Jasmine's counsel conceded that they [were] not contesting jurisdiction but rather asserting due process arguments about notice Jasmine may or may not have received." Jasmine also "affirmatively stated that she agree[d] that the Court had jurisdiction." In addition, Jasmine argued "that the issue was a due-process issue, not a jurisdictional issue."

¶ 11    Based on Jasmine's attorney's statements at the combined section 2-1401 and summary judgment hearing, the circuit court, on August 12, 2024, simultaneously granted Timothy's motion for summary judgment and dismissed Jasmine's section 2-1401 motion to vacate. As relevant here, the court found that it "acquired jurisdiction over [Jasmine E.] ('personal jurisdiction') when Mr. Clark appeared in Court on her behalf" on December 9, 2015, and did not object to jurisdiction. The court found that Clark's presence at that court date was an "action taken by a litigant which recognize[d] the case being in Court" and was, therefore, "a general appearance unless such action was for the sole purpose of objecting to jurisdiction over the person," citing *In re Estate of Zoglauer*, 229 Ill. App. 3d 394, 397 (1992). The court's order did not address section 205 of the UIFSA (750 ILCS 22/205 (West 2022)), which is at issue in this appeal.

¶ 12    Jasmine appeals the circuit court's August 12, 2024, order and seeks to vacate the court's July 25, 2017, modification order.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, Jasmine argues that the circuit court lacked jurisdiction to enter the 2017 order modifying Timothy's child support obligations because she never "consented" to the court's jurisdiction to do so. Notably, Jasmine does *not* argue (as she did in the circuit court) that she did not receive notice or service of Timothy's filings.

¶ 15    Jasmine appeals from the circuit court's grant of Timothy's motion for summary judgment and dismissal of her section 2-1401 motion to vacate. We review the circuit court's rulings on both motions *de novo*. *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 716 (2010) (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)); *Andrews v. Carbon on 26th, LLC*, 2025 IL 130862, ¶ 20. To the extent this case involves interpretation of the UIFSA, our review is *de novo* as well. *Collins v. Department of Health & Family Services ex rel. Paczek*, 2014 IL App (2d)

130536, ¶ 15. Ultimately, this case presents the threshold question of the circuit court's jurisdiction. We review *de novo* a circuit court's determination regarding jurisdiction where, as here, the court made such a determination without an evidentiary hearing. See *Russell v. SNFA*, 2013 IL 113909, ¶ 28. *De novo* review means we engage in the same analysis as the circuit court. *Xuedong Pan v. King*, 2022 IL App (1st) 211482, ¶ 16.

¶ 16    Section 205 of the UIFSA (750 ILCS 22/205 (West 2022)) governs a circuit court's jurisdiction to modify a child support order where, as here, the parents do not live in the same state as the court that issued the child support order, notwithstanding that this case has never been in any court in any state other than Illinois. See *Collins*, 2014 IL App (2d) 130536, ¶ 17; see also *Zaabel v. Konetski*, 209 Ill. 2d 127, 135 (2004). In general, "once the obligor, the obligee, and the minor children who are subject to a support order no longer reside in Illinois, the issuing Illinois court loses continuing exclusive jurisdiction to modify that order." (Emphasis omitted.) *Collins*, 2014 IL App (2d) 130536, ¶ 24. However, section 205 provides that:

> "(a) A tribunal of this State that has issued a child-support order *** shall exercise continuing, exclusive jurisdiction to modify its child-support order if the order is the controlling order and:
>
> > (1) at the time of the filing of a request for modification this State is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
> >
> > (2) even if this State is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, *the parties consent in a record or in open court that the tribunal of this State may continue to*

*exercise jurisdiction to modify its order.*" (Emphasis added.) 750 ILCS 22/205 (West 2022).

¶ 17    When Timothy filed his 2015 petition to modify child support, neither he, nor Jasmine, nor Jade resided in Illinois. Therefore, the circuit court had jurisdiction to modify child support in 2017 only if the parties "consent[ed] in a record or in open court that the tribunal of this State may continue to exercise the jurisdiction to modify its order." See *id.* § 205(a)(2). We have found no Illinois authority addressing which actions or representation constitute explicit consent to jurisdiction under section 205(a)(2). The only case to touch on that issue found that the petitioner forfeited his argument that the opposing party consented to jurisdiction under section 205(a)(2) by filing a response to his petition to modify child support. *Collins*, 2014 IL App (2d) 130536, ¶ 29. That is, *Collins* did not substantively address consent under section 205(a)(2). Despite this lack of authority, we must now consider whether, when, and how such consent occurred in this case.

¶ 18    Section 205 does not distinguish between personal jurisdiction and subject matter jurisdiction. However, section 205(a)(2), which applies in this case, appears to address personal jurisdiction because only personal jurisdiction can be established by a party's voluntary submission, *i.e.*, consent, to the court's jurisdiction. See *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 25. There is no question that the circuit court had subject matter jurisdiction to hear and determine matters of child support in general, as it was a domestic relations court. See *Department of Healthcare & Family Services ex rel. Nieto v. Arevalo*, 2016 IL App (2d) 150504, ¶ 21. Moreover, "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 37. Therefore, the circuit court had subject matter jurisdiction over Timothy's petition to modify child

support, and the parties cannot earnestly contend otherwise. See *In re Marriage of Steidl*, 2025 IL App (1st) 241111-U, ¶ 25; *In re Marriage of Tronsrue*, 2024 IL App (3d) 220125, ¶¶ 15-16; *Arevalo*, 2016 IL App (2d) 150504, ¶ 21. In other words, the only question as to jurisdiction is whether Jasmine, who did not reside in Illinois, consented to the court's personal jurisdiction over her when the court modified the previously entered agreed order for child support.

¶ 19    The circuit court found that it "acquired jurisdiction over [Jasmine E.] ('personal jurisdiction') when Mr. Clark appeared in Court on her behalf" on December 9, 2015. In reaching this conclusion, the court relied on the principle that "[a]ny action taken by a litigant which recognizes the case as being in court will amount to a general entry of appearance unless such action was for the sole purpose of objecting to jurisdiction over the person," citing *Zoglauer*, 229 Ill. App. 3d at 397. The circuit court found that Clark's actions on December 9, 2015, constituted a "general appearance" that waived jurisdictional objections. We acknowledge that *Zoglauer* is no longer good law, as a 2000 amendment to the Code of Civil Procedure (Code) (Pub. Act 91-145 (eff. Jan. 1, 2000) (amending 735 ILCS 5/2-301), abrogated the old rule that a general appearance waives jurisdictional objections. See, *e.g.*, *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 595 (2006). Although merely filing a general appearance no longer equates to acquiescing to jurisdiction, we find there are nonetheless other significant bases in the record here for finding the court had jurisdiction and finding that Jasmine consented to it. Attorney Clark appeared in court and represented Jasmine at that hearing.

¶ 20    An attorney filing a written appearance and appearing in court at a hearing on a motion constitutes voluntary submission to the circuit court's personal jurisdiction and waives any objections to personal jurisdiction. See *Municipal Trust*, 2021 IL 126290, ¶ 25; see also *1205 Milwaukee LLC v. Cole*, 2025 IL App (1st) 241467-U, ¶ 39. Such a consent to personal jurisdiction

is prospective only; it does not retroactively validate void orders entered prior to that date. *Municipal Trust*, 2021 IL 126290, ¶ 25.

¶ 21 On December 9, 2015, Clark appeared in court and represented Jasmine, as indicated by the entry of three orders entered in his presence. We find that Clark consented to the circuit court's jurisdiction on December 9, 2015, even though he never followed up by filing a written appearance. The record reflects, through the three orders from that day, several undisputed facts that establish Jasmine's consent to jurisdiction. First, attorney Clark appeared in court on Jasmine's behalf. Jasmine's written response to Timothy's motion for summary judgment expressly admitted as much. Clark did *not* object to the circuit court's jurisdiction, as the circuit court recorded in its final order. Rather, Clark sought and was granted leave to file his appearance. Further, when Clark was present in court on Jasmine's behalf on December 9, 2015, the circuit court set (1) a due date for Jasmine's response to the two pending petitions, (2) a date for both parties to issue written discovery, and (3) a March 16, 2016, hearing date on the two pending petitions. The circuit court presumably proceeded this way because Jasmine, through her attorney, was properly before the court and was prepared to litigate the two pending petitions on the merits. Finally, the circuit court entered an order temporarily modifying Timothy's child support obligations while Jasmine's attorney, Clark, was present in court on December 9, 2015. Clark did *not* object to the circuit court entering substantive orders on child support obligations, with one order expressly stating that the court "has jurisdiction of the parties," even though he was present in open court. These undisputed facts are sufficient to establish Jasmine's voluntary submission to the court's personal jurisdiction over her and, therefore, consent to the circuit court's continuing jurisdiction under section 205(a)(2). We conclude that Jasmine consented in the record and in open court when her attorney appeared on her behalf on December 9, 2015, as reflected in the court order entered on that day.

¶ 22    We stress that the December 9, 2015, hearing was not a scenario in which Clark appeared and *only* asked for a continuance to determine whether he would be representing Jasmine or objecting to jurisdiction. If that had happened, we would likely find that the events of the December 9, 2015, hearing did not establish Jasmine's consent to jurisdiction. But more than that happened in court on December 9, 2015, as explained above. Everything about the parties' and the court's actions on December 9, 2015, suggested that the parties were willing to proceed with the case on the merits.

¶ 23    Although Jasmine later filed a section 2-1401 motion that challenged the circuit court's jurisdiction over her, that motion did not retroactively vitiate the consent to jurisdiction that occurred on December 9, 2015. The section 2-1401 motion merely raised a challenge to whether that consent occurred or not. We find that consent did occur on December 9, 2015, as explained above.

¶ 24    Further, during summary judgment proceedings, Jasmine withdrew her jurisdictional challenge and affirmatively agreed the court had jurisdiction. So, even if Jasmine's section 2-1401 motion somehow withdrew her 2015 consent to jurisdiction, her summary judgment response withdrew that withdrawal. We note that this concession did not retroactively create consent to jurisdiction for the 2017 modification order. See *id.* Rather, it forfeited Jasmine's challenge to personal jurisdiction because she appeared in court through counsel and filed a response to Timothy's summary judgment motion that did not challenge personal jurisdiction. See *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 842 (2010) (a party forfeits all objections to the court's personal jurisdiction by filing a responsive pleading other than one seeking an extension of time to answer or otherwise appear). Accordingly, we find that the circuit court had jurisdiction to enter the 2017 order modifying Timothy's child support obligations because Jasmine consented

to the circuit court's jurisdiction on December 9, 2015, and ultimately forfeited her challenge to jurisdiction.

¶ 25    By this ruling, we do not seek to resurrect the use of special and general appearances in Illinois. To be clear, we find that the trial court acquired jurisdiction over Jasmine because her attorney, Clark, appeared in court on December 9, 2015, *and* the following events occurred when he was present in court on that date: (1) Clark sought and was granted leave to file his appearance, (2) Clark did not object to jurisdiction or indicate that he would do so, (3) the court entered substantive orders temporarily modifying child support obligations *without objection from Jasmine's attorney*, (4) the circuit court set due dates for Jasmine's response and issuance of written discovery, and (5) the court set a hearing on the petition to modify child support and petition to determine arrears. In short, the court entered *substantive* orders in the case, most notably the reduction in child support and suspension of trust fund obligations, all in Clark's presence. This is telling because we find it highly unlikely that the circuit court would proceed to enter substantive orders if Clark had objected to the court's jurisdiction over Jasmine or had stated that he was intending to do so in the future.

¶ 26    We emphasize that this decision concerns only section 205(a)(2) and no other jurisdictional statute or issue. Specifically, we are interpreting only what "consent" in that statute means. We hold that, in some limited circumstances, a party's conduct may rise to consent under section 205(a)(2). Under the facts of this case, and with fairness and practicality in mind, we find that Jasmine did consent to jurisdiction. We reject any interpretation that would allow a party to file a petition in a state of that party's choosing, although neither party resides there, then attend a substantive hearing related to that petition in that very same state, observe the court reduce child support obligations, miss several court dates, willingly receive drastically reduced support

11

payments for approximately six years, and then, weeks after the support payments terminate, return to a court in that same state, claim the reduction order was void for lack of personal jurisdiction, and request back payment. This could not have been the legislature's intent, and we reject such an interpretation.

¶ 27     The dissent finds that Jasmine properly objected to the circuit court's jurisdiction pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2010)) by filing a section 2-1401 petition on June 21, 2023. We agree that Jasmine's section 2-1401 petition was a procedurally proper objection to the circuit court's jurisdiction because the petition was the first pleading she filed in the child support modification proceedings at issue here. See *id.* § 2-301(a), (a-5); *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 15 ("Under section 2-301, an objection to the court's jurisdiction must be raised in the first pleading or motion filed, other than a motion for an extension of time to answer or otherwise appear, but such objection may be raised alongside other motions seeking relief on different grounds.").

¶ 28     However, the dissent mistakenly interprets Jasmine's section 2-1401 petition as the only action she took with respect to jurisdiction. Almost eight years before Jasmine filed that petition, on December 9, 2015, she consented to jurisdiction in open court through attorney Clark's in-person appearance, as explained above. Under section 205(a)(2) of the UIFSA, the circuit court had jurisdiction over Jasmine from December 9, 2015, forward, unless and until she challenged its jurisdiction.

¶ 29     Jasmine did challenge the circuit court's jurisdiction in 2023, through her section 2-1401 petition. That was procedurally proper, as a party may challenge personal jurisdiction at any time. See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. But, before the circuit court could rule on Jasmine's jurisdictional challenge, she withdrew it. During summary judgment

proceedings on July 10, 2024, Jasmine stated that she was not contesting jurisdiction and agreed the circuit court had jurisdiction over her. When Jasmine withdrew her jurisdictional objection, all that remained was her consent to jurisdiction under section 205(a)(2). Jasmine's consent to jurisdiction under section 205(a)(2), which applies to this case specifically, controls over any attempt to object to jurisdiction under the more general provisions of the Code. See *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 431 (2005) ("[W]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail."). While the dissent may be correct that Jasmine followed the proper procedure in attempting to challenge the circuit court's challenge, she abandoned that attempt, and the circuit court never ruled on it. Therefore, Jasmine's consent to jurisdiction controls.

¶ 30    For these reasons, we affirm the circuit court's August 12, 2024, order, which granted Timothy's motion for summary judgment and dismissed Jasmine's section 2-1401 motion to vacate the July 25, 2017, order.

¶ 31                                III. CONCLUSION

¶ 32    We affirm the judgment of the circuit court of Cook County.

¶ 33    Affirmed.

¶ 34    McBRIDE, J., specially concurring:

¶ 35    While I fully support the majority's decision to affirm the trial court's finding that Jasmine consented on the record to the circuit court's jurisdiction in 2015 under section 205(a)(2) of UIFSA (750 ILCS 22/205(a)(2) (West 2014)) when her attorney Christopher Clark appeared in court on her behalf, I write to specially concur, citing two additional grounds on which to affirm the circuit court's grant of summary judgment to Timothy and the earlier orders modifying support. See

*Philadelphia Indemnity Insurance Co. v. Pace Suburban Bus Service*, 2016 IL App (1st) 151659, ¶ 21 (It is well established that the appellate court may affirm a circuit court's judgment on any basis appearing in the record.). First, Jasmine failed to provide this court with a complete record on appeal supporting her complained-of errors, and second, Jasmine conceded that Judge Kaplan had both subject matter and personal jurisdiction over her at the hearing on Timothy's motion to modify support payments.

¶ 36    To support a claim of error on appeal, Jasmine, as the appellant, has the burden of presenting a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Without a sufficient record "the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Any doubts arising from an incomplete record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392; *In re Kenneth F.*, 332 Ill. App. 3d 674, 678 (2002) ("The burden is on the appellant to present a sufficient record on appeal to substantiate any claims of error. [Citation.] Any doubts arising as a result of omissions in the record must be resolved against the appellant.").

¶ 37    Additionally, Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) requires that the record on appeal contain the "entire original common law record," including "any report of proceedings prepared in accordance with Rule 323." "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). Any omissions or doubts arising from the absence of a report or record of proceedings will be also resolved against the appellant. See *id.*; *Foutch*, 99 Ill. 2d at 392.

¶ 38    Although the judgment orders being appealed have been made part of the common law record, the issues raised in this appeal directly relate to the trial court's conduct at the relevant hearings, which were held in open court, including proceedings from 2015 through 2017, and the hearing on Timothy's summary judgment motion. Accordingly, Jasmine was required to provide this court with a report of the proceedings or an adequate substitute. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323(a), (c), (d) (eff. July 1, 2017); *Webster*, 195 Ill. 2d at 432. She has not done so.

¶ 39    The fact that a court reporter was not present does not excuse Jasmine from supplying this court with an appropriate record or substitute. Rule 323 provides that a report of proceedings may be a transcript prepared by court reporting personnel, or if no verbatim transcript is available, an appellant may file a bystander's report, or an agreed statement of facts instead. Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without any transcript, or an appropriate substitute, Jasmine has not supplied this court with a sufficient basis for the claimed errors, and she may not challenge how those proceedings were conducted and claim that an error occurred because there is no basis to substantiate those claims.

¶ 40    Jasmine intermittently claims that the attorney who appeared on her behalf at the modification hearing in front of Judge Kaplan was not actually representing her. The order entered on December 19, 2015, however, provides that attorney Christopher Clark was, in fact, "appearing on behalf of [Jasmine] and seeking a continuance." The court entered rulings on Timothy's child support obligations, granted attorney Clark "leave to file his appearance on behalf of [Jasmine]," and granted Jasmine additional time to "answer/otherwise plead to the Petition to Review Child Support and Petition to Determine Arrears."

¶ 41     Jasmine makes additional claims on the issue of both subject matter and personal jurisdiction, again, despite the multiple orders issued by Judge Kaplan on December 19, 2015, which provide that the court had "jurisdiction of the parties and the subject matter."

¶ 42     Jasmine, in turn, impliedly suggests that this court should accept her unsworn statements to find that circuit court had neither subject matter nor personal jurisdiction over her that day in court. This we cannot and should not do, when Jasmine could have presented a sworn affidavit or sworn testimony from the attorney who appeared on her behalf at the hearing or anything else to support her claims of error, such as a bystander's report or an agreed statement of facts. See 735 ILCS 5/2-301(a) (West 2024) ("Unless the facts that constitute the basis for the objection [to jurisdiction] are apparent from papers already on file in the case, the motion *must* be supported by an affidavit setting forth those facts." (Emphasis added)).

¶ 43     Since there is no report of proceedings, no agreed statement of facts, and no bystander's report, we must presume that the trial courts' orders conformed with law. The temporary orders entered by Judge Kaplan beginning in 2015 and those entered in 2017 finally modifying the previous support orders should therefore be affirmed on this additional ground. See *Webster*, 195 Ill. 2d at 432; *Foutch*, 99 Ill. 2d at 392.

¶ 44     As to the order entered by Judge William Yu in 2024, the record on appeal again lacks a report of those proceedings or adequate substitute. As a result, the judge's summary judgment order should also be affirmed. *Webster*, 195 Ill. 2d at 432; *Foutch*, 99 Ill. 2d at 392.

¶ 45     As a second alternative ground for affirming, I would conclude that Jasmine abandoned or waived any claim that Judge Kaplan lacked jurisdiction to enter any of the orders during the 2015 through 2017 proceedings. As discussed below, a procedural default occurred when Jasmine

consented to the court's jurisdiction by her counsel's remarks during the oral arguments hearing via Zoom on Timothy's motion for summary judgment.

¶ 46    First, there is no doubt from the circuit court's order entered on August 12, 2024, that a hearing took place in open court via Zoom with both parties present. The circuit court judge's written order provided that "Counsel for [Jasmine] and Counsel for [Timothy]" both "appear[ed] via Zoom" and the court heard "argument from both counsel."

¶ 47    During that hearing, counsel for Jasmine advised Judge Yu that Jasmine was conceding that Judge Kaplan had jurisdiction over the parties and that Jasmine was only claiming that her due process rights to be heard were violated by the orders entered in 2015 through 2017. Judge Yu's written order explicitly memorializes this concession, stating, "During the summary judgment argument, Jasmine's counsel conceded that they are not contesting jurisdiction but rather asserting due process arguments about notice Jasmine may or may not have received."

¶ 48    Despite Jasmine's irrefutable concession that the court had jurisdiction and her consent to Judge Kaplan's orders, Jasmine belatedly challenges the circuit court's subject matter and personal jurisdiction. There is no basis, however, to conclude that either subject matter or personal jurisdiction is lacking.

¶ 49    Subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). With one exception that is not relevant here, subject matter jurisdiction originates from section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art.VI, § 9), which grants circuit courts subject matter jurisdiction over all "justiciable matters." *In re M.W.*, 232 Ill. 2d 408, 424 (2009). "Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical

or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc.*, 199 Ill. 2d at 335.

¶ 50    "It is beyond dispute that dissolution of marriage actions present justiciable matters." *Tronsrue*, 2024 IL App (3d) 220125, ¶ 16; see *In re Marriage of Panozzo*, 93 Ill. App. 3d 1085, 1088 (1981) ("The issue of dissolution of marriage is justiciable so that the circuit court had jurisdiction over the subject matter of the judgment."). Here, there can be no question that these dissolution proceedings originally began in Cook County, Illinois, and that when Timothy filed a petition to modify child support, the circuit court of Cook County had subject matter of this justiciable matter under the Illinois Constitution. See *Belleville Toyota, Inc.*, 199 Ill. 2d at 335; *Tronsrue*, 2024 IL App (3d) 220125, ¶ 16.

¶ 51    Section 205(a)(2) of UIFSA does not change that fact. That is because the failure to comply with a statutory requirement or prerequisite like the statutory provision noted above cannot deprive a circuit court of subject matter jurisdiction because subject matter jurisdiction is conferred entirely by our state constitution. *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 18. In any event, and as we have already found, the circuit court complied with this statutory requirement, and thus, the circuit court had continuing, exclusive jurisdiction to modify its child support order because Jasmine consented in open court to the circuit court's continuing, exclusive jurisdiction.

¶ 52    Personal jurisdiction refers to the court's power to bring a person into its adjudicative process. *In re M.W.*, 232 Ill. 2d at 415. Unlike subject matter jurisdiction, which is invoked by the filing of a petition or complaint alleging the existence of a justiciable matter, personal jurisdiction is " 'derived from the actions of the person sought to be bound.' " *Id.* at 426 (quoting *Meldoc Properties v. Prezell*, 158 Ill. App. 3d 212, 216 (1987)). Thus, a petitioner or plaintiff submits to

the jurisdiction of the court by filing a petition or complaint, thereby seeking to be bound to the court's resolution of the action. *Id.* A respondent or defendant may consent to personal jurisdiction by his or her appearance, or they may have jurisdiction imposed upon them by effective service of summons. *Id.*

¶ 53    Unlike subject matter jurisdiction, which can never be waived, objections to personal jurisdiction may be waived (*People v. Matthews*, 2016 IL 118114, ¶ 18), which is what occurred when counsel for Jasmine appeared on Jasmine's behalf at the hearing before Judge Kaplan. When a defendant chooses not to object to personal jurisdiction, or affirmatively waives that objection, there is no jurisdictional basis on which to invalidate the resulting judgment.

¶ 54    As noted above, Jasmine waived any claim that the court did not have personal jurisdiction over the parties when Jasmine's attorney conceded in open court at the hearing before Judge Yu that Judge Kaplan did have jurisdiction over Jasmine in the modification proceedings. Jasmine's attorney advised the court that Jasmine was only asserting a due process violation for not being properly heard. Because of this concession to jurisdiction, Jasmine is now estopped from arguing that the circuit court lacked personal jurisdiction over her. See *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). As the supreme court held in *Swope*,

> "The rule of invited error or acquiescence is a procedural default sometimes described as estoppel. [Citation.] Simply stated, a party cannot complain of error which that party induced the court to make or to which that party consented. The rationale behind this well-established rule is that it would be manifestly unfair to allow a party a second trial upon the basis of error which that party injected into the proceedings." *Id.*

¶ 55    As the supreme court noted in *Swope*, a party may not attack a procedure to which she agreed, "even though that acceptance may have been grudging." *Id.* The rule of procedural default, also called estoppel, plainly applies here. *Id.*

¶ 56    The dissent ignores Jasmine's continuous efforts to obfuscate her attorney's appearance in open court on the day of critical importance to this appeal. One of Jasmine's first unsupported claims was that she did not have an attorney appear for her in court. At another point, she claimed Clark was not representing her and did not appear on her behalf. Still at another time, she claimed that her mother may have contacted a friend, who then had Clark appear. Despite all of Jasmine's efforts to confuse and blur the facts, attorney Clark did appear for, and was representing, Jasmine at the hearing in December 2015, and Jasmine conceded jurisdiction.

¶ 57    The dissent, however, posits that Jasmine's concession could only have been prospective. However, that was not what occurred in open court before Judge Yu, when Jasmine, through her attorney, who is at all times an officer of the court, stated that there was no question that Judge Kaplan had personal jurisdiction at the time he modified the previously entered support order in December 2015.

¶ 58    This concession was not prospective, and Judge Yu interpreted Jasmine's concession for what it was—an admission that Judge Kaplan had jurisdiction over the parties. In light of this irrefutable concession, the rule about prospective-only jurisdiction does not apply here. First announced in *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989), the rule is based on the reasoning that if a party comes into a proceeding late because she had not been properly served, it would be unfair to punish that party by retroactively validating all previous orders entered in the case, before the court had jurisdiction over that party. See *BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 28 ("The rule on prospective-only personal jurisdiction set forth in *Verdung* is,

therefore, based on the due process concept of allowing the defendant his day in court before entering judgment against him."). The rule about prospective-only personal jurisdiction is "intended to protect parties' due process rights by preventing entry of a judgment without prior notice and an opportunity to be heard." *Id.*

¶ 59    To hold otherwise and impose a retroactive waiver would waive that party's valid jurisdictional argument the moment it was raised, thus defeating those due process rights to be heard. This is not such a case, and Jasmine's claims about the lack of notice and the right to be heard fail because she did not appear late in these proceedings. She appeared early on through her attorney Clark, and she had an opportunity to be heard.

¶ 60    While there is no question that due process rights may be violated by the lack of notice and the right to be heard, that lack of notice does not render the court's orders void. The orders are only voidable, and the failure to give notice does not affect personal jurisdiction which was already established. Rather, lack of notice is an error that, if timely raised, may require a remedy. *In re M.W.*, 232 Ill. 2d at 429. That is not what happened here because the circuit court's jurisdiction was established. Consequently, when Jasmine argued six years later that her due process rights "may or may not" have been denied, the order was not void but merely voidable. Since Jasmine's claimed errors have been raised several years late, her section 2-1401 petition was untimely filed.

¶ 61    Although the dissent correctly cites cases interpreting section 2-301 of the Code, it ignores the well-established rule we cited above that when two statutory provisions apply—one of which is designed to apply to cases generally, and the other which relates to only one particular subject— the particular provision must prevail. See *Village of Chatham*, 216 Ill. 2d at 431. Rather than acknowledging that section 205(a)(2) of the UIFSA is the more particular provision, the dissent claims we are creating a new rule. We are not creating a new rule but only interpreting the rule

that applies in these particular circumstances, as the rules of statutory construction require us to do. See *id.*

¶ 62     Finally, as the dissent must acknowledge, the parties are no strangers to the circuit court of Cook County and appeared before the court numerous times before entering into an agreed order providing for child support. This is not a situation where one of the parties is being called upon to defend against an action in which they have just been made a party, the circumstance section 2-301 of the Code contemplates and provides for.

¶ 63     Under section 206 of the UIFSA, the circuit court still has continuing, exclusive jurisdiction to enforce its support orders. 750 ILCS 22/206 (West 2024). Further, the circuit court shall have continuing and exclusive jurisdiction under section 205(a)(2) of the UIFSA (*id.* § 205(a)(2)) to modify its orders of support if the order is controlling and if the parties consent in a record or in open court, as they did here. These two statutes are not in conflict. By our decision, we have not made them so.

¶ 64     For these additional reasons, the circuit court judgments should be affirmed.

¶ 65     JUSTICE HOWSE, dissenting:

¶ 66     I respectfully dissent. The majority has ostensibly found that Jasmine "consented" to personal jurisdiction under section 205(a)(2) of UIFSA (750 ILCS 22/205(a)(2) (West 2014)) and effectively determined that Jasmine waived her right to contest personal jurisdiction under our civil practice rules, in a decision that is contrary to Illinois law as to both conclusions. The majority opinion and special concurrence create new law, despite claims to the contrary, and will result in the resurrection of the use of special and general appearances, fail to abide established case and statutory law, and upend well established law by effectively recognizing a retroactive concession to personal jurisdiction.

¶ 67 As an initial matter, the special concurrence contends that Jasmine has not supplied this court with a sufficiently complete record to substantiate her claims and, under *Foutch*, this court must presume that the circuit court had a sufficient factual basis for its holding and that its order conforms with the law. Thus, the special concurrence finds that Jasmine "may not challenge how [the] proceedings were conducted and claim that an error occurred because there is no basis to substantiate those claims." *Supra* ¶¶ 35, 39 (McBride, J., specially concurring).

¶ 68 The special concurrence's reliance on *Foutch* is misplaced because the majority mischaracterizes the nature of the proceedings. The majority finds that, "The court held a hearing on Jasmine's section 2-1401 motion to vacate concurrently with Timothy's motion for summary judgment on July 10, 2024, as the motion for summary judgment was essentially a response to the section 2-1401 motion." *Supra* ¶ 10.

¶ 69 This is incorrect, as the circuit court did not hold a hearing on Jasmine's section 2-1401 motion concurrently with the motion for summary judgment, nor did the circuit court recharacterize Timothy's motion for summary judgment as a response to Jasmine's motion.

¶ 70 On the contrary, the preamble to the circuit court's order clearly demonstrates that it was only deciding Timothy's motion for summary judgment and there is no mention that the court heard any evidence. The order states:

> "THIS CAUSE comes before the Court on hearing of Respondent's Motion for Summary Judgment, Counsel for Petitioner and Counsel for Respondent appearing via Zoom, the Court hearing argument from both counsel and reviewing the pleadings, the Court having jurisdiction over the parties and subject matter hereto and the Court being fully advised in the premises:"

¶ 71    For further clarity, the circuit court, a few paragraphs later in the order on appeal, plainly stated that,

> "24. The only issue this Court is determining is whether Christoper Clark's appearance in Court, admitted by Jasmine in her response to Timothy's Summary Judgment Motion to be at her direction, constituted a waiver to the argument that the Court had jurisdiction to enter all order[s] from December 9, 2015 through and including July 25, 2017."

¶ 72    The question of the circuit court's jurisdiction presents a question of law based upon the undisputed factual allegations in the motion for summary judgment. The majority agrees that the court made the jurisdictional determination without an evidentiary hearing, such that our review is *de novo*. *Supra* ¶ 15. Under the circumstances, *Foutch* does not require this court to affirm the judgment of the lower court. *Midstate Siding & Window Co., v. Rogers*, 204 Ill. 2d 314, 319 (2003). There the court held:

> "However, in the present case, we are not asked to determine whether the evidence presented at trial was sufficient to support the trial court's finding. See *Buckholtz v. MacNeal Hospital*, 313 Ill. App. 3d 521, 526 (2000) (plaintiff maintained that the record fails to establish that an expert witness' deposition fee was reasonable). Instead, we are asked to interpret a statute, the Credit Services Act, and determine whether the statute regulates the transaction at issue. This is a question of law, and the lack of a complete record does not bar our review." *Id.*

¶ 73    The absence of a complete record does not hinder our review in this case, and the argument that the summary judgment should be affirmed because there is no record in this appeal of summary judgment is contrary to law. The record is sufficient to answer the questions

before this court. The only issue decided by the court, as the court itself stated, was whether the appearance of the attorney in 2015 waived Jasmine's right to contest jurisdiction.

¶ 74     Timothy J. alleged in the motion for summary judgment that he was entitled to judgment as a matter of law because Jasmine consented to the jurisdiction of the court when, at a 2015 hearing, her attorney requested *leave* to file an appearance and a *continuance* to file a response to Timothy's petition, neither of which was forthcoming. The issue of whether Timothy is entitled to summary judgment on the ground the alleged actions of Jasmine's attorney submitted to the jurisdiction of the court under section 205(a)(2) or waived Jasmine's objections to personal jurisdiction can, and must, be answered from the trial court's orders and the pleadings that are and are not on file.

¶ 75     "[S]ummary judgment should be granted only where the pleadings, depositions, admissions and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. [Citation.]" *Pielet v. Pielet*, 2012 IL 112064, ¶ 29. This "formidable" standard (*id.* ¶ 54) has not been met in this case.

¶ 76     Instead, the majority and special concurrence rely on their own subjective inferences (*supra* ¶ 21 ("The circuit court *presumably* proceeded this way because ***.") (emphasis added); *supra* ¶ 22 ("the parties' and the court's actions *** *suggested* that the parties were willing to proceed with the case on the merits") (emphasis added); *supra* ¶ 25 ("we find it *highly unlikely* that the circuit court would proceed to enter substantive orders if Clark had objected to the court's jurisdiction") (emphasis added)) and a statement by Jasmine's counsel at argument on the motion for summary judgment that her lawyer is withdrawing Jasmine's contest to jurisdiction

and allegedly "agreed the court had jurisdiction" (*supra* ¶ 24), neither of which are appropriate bases on which to decide a motion for summary judgment.

> "[T]he purpose of summary judgment is not to try questions of fact but simply to determine if triable questions of fact exist. Summary judgment should not be granted unless the moving party's right to judgment is clear and free from doubt. If the undisputed material facts could lead reasonable observers to divergent inferences, or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." *Pielet*, 2012 IL 112064, ¶ 53.

*Coleman v. Provena Hospitals*, 2018 IL App (2d) 170313, ¶ 15 ("Summary judgment may be granted only where the facts are susceptible to a single reasonable inference.").

¶ 77    Jasmine's section 2-1401 motion argued that "[t]here is no evidence in the record or the case that the parties ever consented for the State of Illinois to continue to exercise jurisdiction to modify support ***." Timothy's motion for summary judgment argued that "Clark's appearance in open court without raising any objection to this Court's jurisdiction to modify its June 18, 2012, Order is tantamount to Jasmine's consent, in open court (pursuant to 750 ILCS 22/205), that this Court retain continuing, exclusive jurisdiction to modify the order." Timothy's motion for summary judgment does not argue that attorney Clark said or did anything else constituting "consent in a record or in open court" to the circuit court's continuing exclusive jurisdiction other than appearing, requesting leave to file an appearance, seeking a continuance, and failing to object to the circuit court's orders. (Timothy's motion also made an argument under the revestment doctrine but he has abandoned that argument on appeal.) The summary judgment order in this case found that the court "acquired jurisdiction over [Jasmine E.] ('personal

jurisdiction') when Mr. Clark appeared in Court on her behalf." The summary judgment order erroneously relied on the principles stated in *Zoglauer* to support that conclusion.

¶ 78 Based on the trial court's reliance on *Zoglauer*, we know that the trial court found that Jasmine waived her objections to jurisdiction based on attorney Clark's appearance. See *In re Estate of Zoglauer*, 229 Ill. App. 3d 394, 397 (1992) ("Any action taken by a litigant which recognizes the case being in court will amount to a general entry of appearance unless such action was for the sole purpose of objecting to jurisdiction over the person."). The only issue before this court is whether, as a matter of law, seeking leave to file an appearance and a continuance to answer the petition while not objecting to substantive orders is a waiver of objection to jurisdiction as a matter of law. The fact that there may be other reasons to find that the parties consented for Illinois to continue to exercise jurisdiction to modify support, and dismiss Jasmine's section 2-1401 motion, does not give this court license to affirm the summary judgment order that is based on an erroneous application of the law. See *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.*, 226 Ill. App. 3d 507, 511 (1992). In that case, the court stated:

> "We also limit our consideration of Danvers' arguments on appeal to those which were also made to the trial court at the initial summary judgment hearing. See *Hux v. Raben* (1967), 38 Ill. 2d 223, 225 (appellate court should not consider different theories or new arguments if proof might have been offered to refute them had they been presented at trial); *Cardamone v. Allstate Insurance Co.* (1977), 49 Ill. App. 3d 435, 441 (the theory upon which a case is tried in the lower court cannot be changed on review; an issue not presented to or considered by the trial court cannot be raised for the first time on appeal)." *Id.*

27

¶ 79 The majority and special concurrence allege that the statement in the summary judgment order that during argument on the summary judgment motion an attorney for Jasmine stated that Jasmine was not contesting jurisdiction is a reason to affirm the summary judgment order because we may affirm the judgment for any reason contained in the record. However, that summary judgment order on which they rely did not follow a hearing on Jasmine's petition alleging that she did not consent in a record or open court under UIFSA or to personal jurisdiction generally; the order resulted from the argument that Attorney Clark's request for leave to file an appearance and time to plead and failure to object waived any objection to personal jurisdiction. The doctrine that this court may affirm the summary judgment order on any basis in the record does not apply because whether or not Jasmine's attorney withdrew Jasmine's objection to jurisdiction, that statement does not support or refute the argument Timothy made in the summary judgment motion or the basis of the circuit court's summary judgment order—that being that attorney Clark's actions waived Jasmine's objections to jurisdiction. Jasmine's attorney's alleged statement addresses a completely different issue than that raised and decided in the circuit court and creates a material question of fact concerning consent in a record or open court. Therefore, this court should not address it, nor should it be used to legitimize an erroneous trial court decision based on an authority superseded by statute and case law. See *id.*

¶ 80 Furthermore, despite Timothy's argument in the motion for summary judgment, the circuit court did not decide whether these facts, accepting them as true, constitute "consent in a record or in open court" pursuant to section 205(a)(2) of UIFSA. Nonetheless, the majority concludes that the alleged facts constitute consent in a record and in open court pursuant to section 205(a)(2) to affirm this summary judgment order. *Supra* ¶ 21. This court is reviewing the

circuit court's ruling on Timothy's motion for summary judgment only, not Jasmine's section 2-1401 petition. The circuit court relied exclusively on the principles stated in *Zoglauer*, as follows:

"25. [T]he Court also is cognizant that any action taken by a litigant which recognizes the case being in Court will amount to a general appearance ***.

\* \* \*

35. The Court acquired jurisdiction over [Jasmine E.] ('personal jurisdiction') when Mr. Clark appeared in Court on her behalf. As noted above, this constituted action by Jasmine at that time that the matter was in Court."

¶ 81 The majority's reliance on the fact Jasmine "agreed the circuit court had jurisdiction over her" (*supra* ¶ 29; *supra* ¶¶ 47-48 (McBride, J., specially concurring)) is misplaced. The trial court's order granting Timothy's motion for summary judgment finds:

"22. During the summary judgment argument, Jasmine's counsel conceded that they are not contesting jurisdiction but rather asserting due process arguments about notice Jasmine may or may not have received.

\* \* \*

25. While Jasmine waived this issue in her response to the Motion for Summary Judgment wherein she admitted that Christoper Clark appeared on her behalf, and further waived the issue in the argument against summary judgment when she affirmatively stated that she agrees that the court had jurisdiction ***."

¶ 82 Although the trial court made these observations, what is important in this case is that the trial court did not rule for Timothy on the grounds that Jasmine waived her objections to jurisdiction at the hearing on summary judgment. The trial court held that the mere appearance of

the attorney in 2015 waived her objections to jurisdiction. This is the order appealed from. The fact the trial court did not rule that Jasmine's concession was the basis of his decision but instead ruled the appearance in 2015 waived jurisdiction is controlling. This is the order appealed from and the order we review *de novo*. The order was based on a case (*Zoglauer*) that was superseded by statute, was not good law when the ruling was made, and is not good law now. If this order is allowed to stand it will upset the protections of section 2-301 and lead to the reinstatement of special appearances.

¶ 83    The majority opinion and special concurrence are based on a vague statement in the trial court's order, without the necessary context, that is subject to competing rational inferences especially in light of the trial court's express, erroneous reliance on *Zoglauer*. This makes summary judgment inappropriate. See *Coleman*, 2018 IL App (2d) 170313, ¶ 15. The judgment order on appeal and the trial court's finding in paragraph 25 of that order came about a month after the hearing wherein the alleged concession was made. But the trial court did not grant summary judgment in favor of Timothy on the basis that Jasmine conceded that the circuit court had jurisdiction, even though the alleged concession occurred only days earlier. The conclusion that Jasmine willingly conceded at the hearing on the motion for summary judgment that the circuit court had jurisdiction in December 2015 is far from "irrefutable" (*supra* ¶ 48 (McBride, J., specially concurring)). Rather than demonstrating the absence of a genuine question of material fact, the majority and special concurrence have amply demonstrated that questions of fact remain that cannot be resolved on review of the trial court's order granting summary judgment simply by retreating to *Foutch*.

¶ 84    Whether Jasmine consented to the trial court's continuing exclusive jurisdiction to modify the trial support order pursuant to section 205(a)(2) was not the basis of the trial court's

summary judgment order nor is consent pursuant to section 205(a)(2) clearly established by "the pleadings, and exhibits on file" in the proceedings. The conclusion that Jasmine consented to continuing exclusive jurisdiction under UIFSA can only be made after an evidentiary hearing; therefore, rather than affirming summary judgment due to an allegedly incomplete record, the proper remedy is to reverse the grant of summary judgment. See *Pielet*, 2012 IL 112064, ¶ 53. The majority has engaged in a desperate attempt to affirm the trial court's order because it cannot countenance the fact Jasmine initiated proceedings in Illinois, presumptively knew of ongoing proceedings, and continued to accept child support payments based thereon, but only returned to court to assert her rights after child support payments stopped. The adage "hard cases make bad law" is fully at play here. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 899 (2009) (Roberts, C.J., dissenting, joined by Scalia, Thomas, and Alito, JJ.) ("Extreme cases often test the bounds of established legal principles. There is a cost to yielding to the desire to correct the extreme case, rather than adhering to the legal principle. That cost has been demonstrated so often that it is captured in a legal aphorism: 'Hard cases make bad law.' "); *People v. Chevalier*, 131 Ill. 2d 66, 74 (1989). Jasmine acted within her rights.

¶ 85    For the following reasons, I would reverse the order granting appellee Timothy J. summary judgment on appellant Jasmine E.'s motion to vacate the 2015 through 2017 orders, modifying child support as void, because a review of the record does not clearly show that the trial court had personal jurisdiction over Jasmine pursuant to section 205(a)(2) of UIFSA or this court's civil practice rules.

¶ 86    On October 5, 2015, Timothy filed a petition seeking to modify the 2012 child support order entered by an Illinois court. When Timothy filed his petition to modify the Illinois support

31

order, he resided in the State of Texas. The mother, Jasmine, and the minor child resided in the State of Georgia.

¶ 87    Timothy never served Jasmine with a summons or service by publication but simply sent notice of the hearing to Jasmine by United States mail to her address in Georgia. On December 9, 2015, a hearing was set on Timothy's petition. Attorney Clark appeared at that hearing and requested leave to file an appearance and additional time for Jasmine to respond to Timothy's petition. The trial court entered orders modifying Timothy's child support obligation.

¶ 88    In June 2023, Jasmine filed her "Motion To Vacate Void Order Entered on July 25, 2017" pursuant to section 2-1401 of the Code and UIFSA. Jasmine's motion argued that the orders modifying child support must be vacated due to the lack of jurisdiction and due to improper notice to Jasmine. Timothy filed a motion for summary judgment alleging that, as a matter of law, an attorney's appearance at the December 9, 2015, hearing to request a continuance and time to answer or otherwise plead to the petition to modify child support constituted a waiver of objections to personal jurisdiction and consent for the Illinois court to modify the 2012 child support order.

¶ 89    The trial court granted summary judgment in favor of Timothy, citing *Zoglauer*, 229 Ill. App. 3d at 397, in support of its decision that the appearance in court by Jasmine's attorney waived objections to personal jurisdiction. *Zoglauer* held that any act recognizing a case as being in court is a submission to personal jurisdiction. *Id.* The basis for the holding in *Zoglauer* had been superseded by statute and case law when the court made its ruling. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 366 (2001).

¶ 90    Jasmine appealed. Jasmine, the appellant, argued that the trial court did not have subject matter jurisdiction pursuant to section 205(a)(2) because she never willingly submitted herself to

the court's jurisdiction. Jasmine equated willing submission to personal jurisdiction with the "consent" required by section 205(a)(2).

¶ 91    Jasmine argued that the trial court did not have personal jurisdiction during the 2015 through 2017 modification proceedings because (1) Jasmine did not admit that Clark attended court "at her behest" and (2) even if Clark did appear at Jasmine's request, that appearance was "without legal effect" as to personal jurisdiction. Timothy argued that "the trial court acquired personal jurisdiction over Jasmine when Attorney Clark appeared in court on her behalf." Timothy did not dispute that Jasmine's consent pursuant to section 205(a)(2) must be established by consent in open court. Timothy argued that "Jasmine consented to the court's continuing, exclusive jurisdiction through her affirmative action of having Attorney Clark appear in court on her behalf." Timothy further argued that "Attorney Clark's appearance on behalf of Jasmine at the December 9, 2015 hearing without objecting to the court's jurisdiction, constituted her consent in open court to the trial court's jurisdiction." To support his argument on appeal, Timothy also relied on the principle stated in *Zoglauer*.

¶ 92    Jasmine argued that in granting summary judgment in favor of Timothy, the trial court erroneously relied on the principles stated in *Zoglauer*. Jasmine correctly argued that the principles stated in *Zoglauer* have been superseded by section 2-301 of the Code. The basis of the trial court's summary judgment order was incorrect. At that point, this court should find that the trial court erred by relying on *Zoglauer* and that Jasmine did not file a responsive pleading or motion prior to raising objections to jurisdiction and reverse the summary judgment order for the trial court to consider other matters that may involve genuine disputes as to material facts. Nonetheless, this court may affirm a trial court's judgment on any basis supported by the record.

*Supra* ¶ 35 (McBride, J., specially concurring). The bases of the majority and special concurrence's decisions are not supported by the record or applicable law.

¶ 93    Applying the correctly applicable law stated in section 2-301 of the Code, rather than *Zoglauer*, Jasmine also argued on appeal that under section 2-301 a party waives an objection to the trial court's personal jurisdiction when that party "files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion" objecting to the court's jurisdiction over the party's person (735 ILCS 5/2-301(a-5) (West 2014)) or if that party files an appearance and makes substantive arguments on the merits without first objecting to personal jurisdiction (*Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 25). Because any alleged voluntary submission to personal jurisdiction occurred in 2015, the statute in effect at that time applies to this question. Jasmine argued that because she filed no appearance, nor any responsive pleading, she never submitted herself to the trial court's personal jurisdiction under our civil practice rules. Jasmine then equated this lack of voluntary submission to the "consent" required by section 205(a)(2) and argued that "[a]s such, [(because she filed no appearance nor responsive pleading),] Jasmine never submitted herself to the circuit court's jurisdiction in 2015-2017 and never consented to the circuit court's exercise of subject matter jurisdiction over Timothy's modification proceedings pursuant to 750 ILCS 22/205(a)(2)."

¶ 94    There are two questions: (1) did Jasmine voluntarily submit to the trial court's personal jurisdiction under our civil practice rules and (2) did Jasmine consent to the trial court's "continuing exclusive jurisdiction" to modify Timothy's child support obligation pursuant to section 205(a)(2) of UIFSA, either because she voluntarily submitted to the trial court's personal jurisdiction or otherwise.

¶ 95    The trial court had subject matter jurisdiction over the justiciable matter of Timothy's petition to modify child support pursuant to the Illinois Constitution. *Supra* ¶ 50 (McBride, J., specially concurring). The first question Jasmine raised on appeal was whether Jasmine voluntarily submitted to personal jurisdiction under our civil practice rules—and, therefore, whether any such voluntary submission constituted consent under UIFSA. There is no dispute that the answer to the question is "no."

¶ 96    Jasmine's attorney did not perform any act on December 9, 2015, that, under the statute, would constitute a waiver of the right to contest personal jurisdiction and, therefore, would constitute a voluntary submission to the circuit court's personal jurisdiction. The record reveals that, at the hearing, attorney Clark requested leave to file an appearance and time to file a response to the petition. However, we can determine from the record, and there is no dispute, that no appearance or response was ever filed. The trial court entered orders modifying the Illinois child support order. Under the law as it existed on December 9, 2015, even though the trial court entered orders adverse to the interest of his client, under the statute, attorney Clark was not required to affirmatively object, file a special appearance, or notify the court that Jasmine was objecting to jurisdiction.

¶ 97    Although the trial court entered substantive orders against the interest of his client, attorney Clark did no more than what the statute stated he could do—appear to request a continuance for time to respond—without waiving his client's objections to personal jurisdiction. His client's objection to personal jurisdiction was not waived because (1) he did not file a responsive pleading or motion before contesting jurisdiction and (2) general appearances had been abolished by the legislature. Nothing placed the attorney on notice that he was required to object to the trial court's orders to preserve his client's objection to personal jurisdiction pursuant

to section 2-301(a-5) of the Code (735 ILCS 5/2-301(a-5) (West 2014)). Moreover, at oral argument in this case, counsel for Timothy, under questioning, conceded that attorney Clark's actions were not sufficient to waive objections to personal jurisdiction pursuant to section 2-301.

¶ 98    Because Jasmine did not voluntarily submit to the circuit court's jurisdiction under our civil practice rules, the only question that remains is whether the record clearly shows Jasmine's consent pursuant to section 205(a)(2). It does not. Whether or not section 205(a)(2) "is the more particular" jurisdictional provision (*supra* ¶ 61 (McBride, J., specially concurring)), that provision is the purported basis of the majority's decision, and the majority has, by its own admission, created a new interpretation of the consent provision in that statute heretofore unknown in our law (*supra* ¶ 17 ("We have found no Illinois authority addressing which actions or representation constitute explicit consent to jurisdiction under section 205(a)(2).")), to Jamine's detriment, based on a legally erroneous statutory construction.

¶ 99    "Consent in open court" is not defined for purposes of section 205(a)(2). "Consent" for purposes of section 205(a)(2) must be affirmative. (Timothy's argument concedes as much.) The required "consent" by a party cannot be based on the party's and the circuit court's action or inaction other than some affirmative manifestation in open court of consent to continuing exclusive jurisdiction to modify the child support order. This court may not "read a statute in a way that renders any part superfluous or meaningless. [Citation.] Rather, it should read the statute as a whole and give effect to every word, clause, and sentence." *Mercado v. S&C Electric Co.*, 2025 IL 129526, ¶ 20. The "consent *** in open court" requirement must mean something more than a party's or a party's attorney's appearance at the proceedings (without filing an appearance—which attorney Clark did not do) and the entry of substantive orders. If all that was

required to "consent in open court" was the party's appearance in court without objecting, then the requirement for "consent" in a record or in open court would be meaningless.

¶ 100    Furthermore, any other construction of section 205(a)(2) would place the statute in conflict with both section 2-301 of the Code and sections 201 and 202 of UIFSA. "Even when an apparent conflict between statutes exists, they must be construed in harmony with one another if reasonably possible." *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002). Both section 201 of UIFSA and section 2-301 of the Code relate to voluntary submission to personal jurisdiction. Sections 201 and 202 of UIFSA read, in pertinent part, as follows:

> "(a) In a proceeding to establish or enforce a support order ***, a tribunal
> of this State may exercise personal jurisdiction over a nonresident individual ***
> if:
>
> ***
>
> (2) the individual submits to the jurisdiction of this State by consent, by
> entering a general appearance, or by filing a responsive document having the
> effect of waiving any contest to personal jurisdiction[.]" 750 ILCS 22/201(a)
> (West 2014).
> "Personal jurisdiction acquired by a tribunal of this State in a proceeding under
> this Act or other law of this State relating to a support order continues as long as a
> tribunal of this State has continuing, exclusive jurisdiction *to modify* its order or
> continuing jurisdiction to enforce its order *as provided by Sections 205*, 206, and
> 211." (Emphases added.) *Id.* § 202.

¶ 101    The applicable version of section 2-301 of the Code provided as follows:

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person ***. ***

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a)-(a-5) (West 2014).

¶ 102    Section 201(a) of UIFSA and section 2-301(a) of the Code contain similar language. "Because the statutes deal with similar subject matter, we further assume that by using the same language in [each], the legislature intended for [them] to be construed and applied similarly." *In re Estate of Wilson*, 238 Ill. 2d 519, 564 (2010). Construing all of these statutory provisions harmoniously, consent in open court cannot be construed to mean that a party voluntarily consents to the circuit court's continuing, exclusive jurisdiction by appearing in court and failing to object to substantive orders—without filing an appearance, a responsive pleading, or a motion—because that construction puts section 205(a)(2) in conflict with existing law and statutes. It is possible to construe section 205 and 202 of UIFSA harmoniously with section 201 of UIFSA and section 2-301 of the Code by, at minimum, construing "consent in open court" to require something more than merely showing up in court and taking no further action than requesting a continuance to answer or otherwise plead.

¶ 103    The fact that attorney Clark requested a continuance to answer Timothy's petition, did not file an appearance, and did not file any substantive motions, is discernible from the record. There is no record of what attorney Clark *said* in open court in 2015. However, Timothy does

not argue that attorney Clark did anything at the 2015 hearing to constitute a waiver to jurisdiction other than request a continuance for time to plead. Significantly, as stated earlier, Timothy conceded at oral argument that attorney Clark did nothing to submit to jurisdiction at that hearing under section 2-301. Indeed, the only suggestion made by anyone in this case that attorney Clark did something at the 2015 hearing other than ask for time to file a response came from this court when it invoked *Foutch*. "*Foutch* does not stand for the proposition that a reviewing court must affirm every time any portion of a trial record is not included on appeal. Rather, an appellant need only include those portions of the record necessary 'to support a claim of error.' *Foutch*, 99 Ill. 2d at 391-92." *People v. Colasurdo*, 2020 IL App (3d) 190356, ¶ 40. Even with a deficiency in the record, "[a] reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "Summary judgment is a drastic means of disposing of litigation and, therefore, should be granted only where the right of the moving party is clear and free from doubt." *Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 15. For the reasons explained above, nothing attorney Clark did or did not do, and nothing the trial court did, waived Jasmine's objections to personal jurisdiction or could constitute the required consent under section 205(a)(2). Even construing the deficiency in the record against Jasmine, the record is sufficient to support Jasmine's claim of error because the record does not *clearly* show that the trial court had personal jurisdiction over Jasmine. Timothy's right to summary judgment on Jasmine's motion to vacate void orders is far from clear and free from doubt.

¶ 104   Furthermore, any construction of the statute finding that what occurred in this case constitutes "consent in open court" for purposes of section 205(a)(2) is a new construction of the

statute that was never argued by the parties or considered by the trial court. The fundamental requirements of due process are notice and an opportunity to present any objections. *People v. Cardona*, 2013 IL 114076, ¶ 15. Creating this new rule in this manner takes away any foreseeable opportunity for Jasmine to have challenged personal jurisdiction. If the court is to create a new rule, it should not apply to Jasmine. *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 22 ("[A] procedural statute will not be applied retroactively if it would have a retroactive impact, such that it: (1) impairs rights that a party possessed when it acted ***."). Under the law that existed at the time, Jasmine had a right to appear in court without waiving her objection to personal jurisdiction, so long as she did not file a responsive pleading or motion before objecting to personal jurisdiction. Neither Jasmine nor her attorney had notice that they had to inform the trial court that Jasmine would object to jurisdiction (in other words, file a special appearance) or object to the trial court's adverse orders to preserve Jasmine's objection to personal jurisdiction. Affirming the trial court's order granting summary judgment in favor of Timothy under a new method of consenting pursuant to section 205(a)(2) or waiving objections to personal jurisdiction without notice to Jasmine and without an opportunity to be heard on the new method of waiver and "consent" would deprive Jasmine of her right to object, without due process of law. See *Haswell v. Powell*, 38 Ill. 2d 161, 164 (1967) (the requirements of due process are met by giving notice and the opportunity to be heard).

¶ 105    The trial court's order granting summary judgment in favor of Timothy on Jasmine's section 2-1401 motion should be reversed and the cause remanded for further proceedings. On remand, the parties should be directed to conduct an evidentiary hearing on what occurred on December 9, 2015, so that the court can determine whether attorney Clark made an affirmative manifestation of consent to the circuit court's continuing, exclusive jurisdiction to modify the

child support order (conferring personal jurisdiction pursuant to section 202 of UIFSA through section 205(a)(2) because such action constitutes "consent in open court") or made any substantive oral motions (waiving objections to jurisdiction pursuant to section 2-301).

¶ 106    The majority finds that the circuit court had jurisdiction pursuant to section 205(a)(2)

> "because her attorney, Clark, appeared in court on December 9, 2015, *and* the following events occurred when he was present in court on that date: (1) Clark sought and was granted leave to file his appearance, (2) Clark did not object to jurisdiction or indicate that he would do so, (3) the court entered substantive orders temporarily modifying child support obligations *without objection from Jasmine's attorney*, (4) the circuit court set due dates for Jasmine's response and issuance of written discovery, and (5) the court set a hearing on the petition to modify child support and petition to determine arrears." (Emphases in original.) *Supra* ¶ 25.

¶ 107    I disagree with the majority's conclusions because, for the reasons explained above, I believe that the majority's construction of section 205(a)(2) is erroneous. The majority acknowledges that attorney Clark did not file a written appearance—nor did he file a pleading or a motion, make substantive arguments on the merits, or request relief other than an extension of time to plead. Yet the majority finds that Jasmine, because attorney Clark did not object when the court issued rulings adverse to his client, voluntarily submitted and consented to the circuit court's jurisdiction. This decision is clearly contrary to law. Section 2-301 of the Code (735 ILCS 5/2-301(a-5) (West 2014)) expressly allowed the attorney to do what he did in this case—appear and request a continuance and time to respond—without waiving objections to personal jurisdiction. The answer to the question of whether attorney Clark "consented in a record or in

open court" to continuing exclusive jurisdiction is not clear and free from doubt, based on the facts and the law.

¶ 108   The majority also asserts that when an attorney files a written appearance and appears in court at a hearing on a motion, that appearance constitutes voluntary submission to the circuit court's personal jurisdiction and waives any objection to personal jurisdiction. *Supra* ¶ 20. In support of its conclusion, the majority relied on *Municipal Trust*, 2021 IL 126290, ¶ 25, where our supreme court held that the defendant "voluntarily submitted to the jurisdiction of the court *** when he filed a written appearance and appeared in court on plaintiff's motion to confirm sale." The court held that by doing so, the defendant "waived any objection to the circuit court's personal jurisdiction prospectively only; his appearance did not retroactively validate void orders entered prior to" the voluntary submission. *Id.* (citing *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 44). *Municipal Trust* supports Jasmine's argument.

¶ 109   In *Municipal Trust*, the hearing was for confirmation of a foreclosure sale, the defendant filed a written appearance, and the defendant requested "that he be given 30 days to redeem the property" in foreclosure. *Id.* ¶¶ 6-8. The circuit court granted the motion for confirmation, and after that, the defendant filed a section 2-1401 petition arguing that the circuit court lacked personal jurisdiction over him. *Id.* ¶¶ 8-9. The plaintiff argued that the defendant "voluntarily submitted to the circuit court's jurisdiction when he appeared, participated, *and requested relief* at the hearing on plaintiff's motion to confirm sale." (Emphasis added.) *Id.* ¶ 24. In *Municipal Trust*, it is clear that the supreme construed the statute on waiver of objections to personal jurisdiction and determined that, in that case, an oral motion, rather than a written motion, seeking substantive relief, satisfies the requirement of the statute that a substantive motion filed before objecting to jurisdiction waives the objection. Although our supreme court construed the

statute, that does not give the appellate court license to rule in direct contradiction to the statute as the majority does here.

¶ 110   The majority's holding also means that Jasmine should have objected or raised her objection to jurisdiction sooner because the trial court made substantive rulings adverse to her. However, the legislature has not put a time limit on when a party must file an objection to personal jurisdiction. In fact, so long as the objection has not been waived, a party may raise an objection to personal jurisdiction at any time. *West Suburban Bank v. Advantage Financial Partners, LLC*, 2019 IL App (1st) 170831-U, ¶ 34 ("Objections to personal-jurisdiction can be raised at any time *** but those objections *may* be waived by the defendant." (Emphasis in original.) (citing *People v. Matthews*, 2016 IL 118114, ¶ 18)).

¶ 111   The legislature has imposed time limits on objections to jurisdiction in other cases. For example, in mortgage foreclosure cases, the legislature provided that a challenge to jurisdiction must be filed within 60 days of participating in a hearing. *GreenPoint Mortgage Funding*, 2014 IL App (1st) 132864, ¶ 1 ("a motion to quash service of process in a residential foreclosure action must be brought within 60 days of the date that the moving party files an appearance or participates in a hearing without filing an appearance"). This limitation only applies in mortgage foreclosure cases by statute; this court noted that without this specific law imposed by the legislature, a litigant could object to personal jurisdiction even after a judgment was entered against the party. *Id.* ¶ 21. There, the court held:

> "Defendant may have expected that he would be able to challenge service of
> process long after the foreclosure was complete, as would have been the case
> when section 2-301 alone governed the process for objecting to the court's
> personal jurisdiction in foreclosure proceedings (735 ILCS 5/2-301 (West 2010)).

Under section 2-301, because defendant had not filed a responsive pleading and had only filed a motion for extension of time to answer, there would have been no firm deadline for him to challenge service of process. See 735 ILCS 5/2-301(a), (a-5) (West 2010)." *Id.*

¶ 112 The legislature chose not to include a time restriction on a litigant's right to object to personal jurisdiction pursuant to section 2-301 or prescribe the time in which an adverse party to a motion pursuant to section 205(a)(2) had to consent to the circuit court's continuing exclusive jurisdiction or object. Because the legislature did not include any time restrictions in the statutes at issue, only waiver provisions, the legislature did not intend for a timing requirement to apply. *Palos Community Hospital v. Humana Insurance Co.*, 2021 IL 126008, ¶ 33 ("The legislature knows how to include explicit timing requirements into a statute when that is its intent. The General Assembly's decision not to include such language *** demonstrates that it did not intend for the statute to contain that type of 'protective measure.' [Citation.]").

¶ 113 The majority also finds that Jasmine forfeited her challenge to personal jurisdiction "because she appeared in court through counsel and filed a response to Timothy's summary judgment motion that did not challenge personal jurisdiction." *Supra* ¶ 24. That conclusion is contrary to the law. The majority relies on *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 842 (2010). However, based on the authorities, including *Ingalls Memorial Hospital*, it is the timing of the responsive pleading that matters. "[S]ubsequent filings after an objection to personal jurisdiction has been made do not result in forfeiture of the defendant's jurisdiction objection." *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 26. Jasmine's response to Timothy's motion for summary judgment *followed* Jasmine's motion to vacate for lack of jurisdiction. Jasmine's pleadings after the filing of the motion to vacate do not

"equate to a general appearance that would result in a waiver of the jurisdictional objection." *Roberson v. SSM Health St. Mary's Hospital*, 2023 IL App (5th) 220746-U, ¶ 17; *Schmitt*, 321 Ill. App. 3d at 366 ("as long as the party files the motion or other responsive pleading after he or she objects to the court's jurisdiction over the party's person, the party does not waive its objections to the court's jurisdiction over the party's person"). Nor should it waive Jasmine's right to object on the ground that she did *not* consent pursuant to section 205(a)(2).

¶ 114    Furthermore, whether Jasmine stated in 2024 that she was no longer contesting jurisdiction is irrelevant to the outcome of this appeal. The majority finds that "[w]hen Jasmine withdrew her jurisdictional objection, all that remained was her consent to jurisdiction under section 205(a)(2). Jasmine's consent to jurisdiction under section 205(a)(2), which applies to this case specifically, controls over any attempt to object to jurisdiction under the more general provisions of the Code." *Supra* ¶ 29.

¶ 115    First, as to any suggestion of forfeiture, Jasmine argued on appeal that attorney Clark's "mere attendance in court on one occasion would not give the [circuit] court personal jurisdiction over Jasmine." Jasmine specifically argued on appeal that she did not voluntarily submit herself to the court's jurisdiction. Our supreme court has held that "it is well settled that '[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties *** is void, and may be attacked at any time or in any court, either directly or collaterally.' " *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) (quoting *Barnard v. Michael*, 392 Ill. 130, 135 (1945)). Therefore, Jasmine could collaterally attack the trial court's judgment for lack of jurisdiction in this appeal. *Morey Fish Co. v. Rymer Foods, Inc.*, 158 Ill. 2d 179, 186-87 (1994) ("a judgment rendered by a court which fails to acquire jurisdiction over either the parties or the subject matter of the litigation may be attacked and vacated at any time or in any court").

Additionally, the court has an independent duty to determine its jurisdiction in any case. *Secura Insurance Co.*, 232 Ill. 2d at 213.

¶ 116　Second, as stated above, I disagree with the conclusion that it is irrefutable, or that the record is clear and free from doubt, that Jasmine's attorney made an unbidden statement that the circuit court had jurisdiction in December 2015. Nor do I agree that attorney Clark voluntarily submitted Jasmine to the circuit court's jurisdiction in December 2015. Thus, *arguendo*, even if Jasmine's attorney's statement is construed as a voluntary submission to personal jurisdiction in 2024, such submission only acts prospectively. "[O]ur supreme court recently reaffirmed that ' "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." ' [Citations.]" *John Isfan Construction, Inc. v. Longwood Towers, LLC*, 2016 IL App (1st) 143211, ¶ 42 (quoting *BAC Home Loans*, 2014 IL 116311, ¶ 43). The special concurrence concludes that because Jasmine admitted that the circuit court had jurisdiction in December 2015, the rule that her concession at the summary judgment hearing operates only prospectively has no application in this case. Because I disagree with the basis of that finding, I disagree with that conclusion. Instead, I would follow the rule that any submission to jurisdiction in this case is prospective only.

¶ 117　In *BAC Home Loans*, our supreme court stated without limitation that "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." (Internal quotation marks omitted.) *BAC Home Loans*, 2014 IL 116311, ¶ 43. Although the court cited *Verdung* in support of that conclusion, our supreme court recognized that the amendment in 2000 to section 2-301 of the Code controlled the question of whether a voluntary submission applies prospectively only. *Id.* ¶ 38 ("We conclude that the amended statute is ambiguous as to the effect of a party's waiver on

46

prior orders entered without personal jurisdiction."). The court found that

> "there is no indication from the legislative history that the amendment was intended to alter the existing law on the effect of waiver of objections to personal jurisdiction. The amendment to section 2-301 was intended to provide additional protection of a defendant's right to assert an objection to the court's personal jurisdiction by preventing unknowing waiver." *Id.* ¶ 42.

¶ 118   Thus, while "the fundamental rationale of our rule providing for prospective-only submission to the court's jurisdiction, namely, to avoid 'depriv[ing] the defendant of his day in court' [Citation.]" (*id.* ¶ 43) remained intact, the "amendment to section 2-301 was [also] intended to provide additional protection of a defendant's right to assert an objection to the court's personal jurisdiction by preventing unknowing waiver" (*id.* ¶ 42).

> "When construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning. [Citation.] In determining the statute's plain meaning, we consider the subject it addresses and the legislature's purpose in enacting it. [Citation.]" *Id.* ¶ 33.

¶ 119   "The statute does not state that the waiver is intended to validate orders entered prior to service of process or the party's voluntary submission to the court's jurisdiction." *Id.* ¶ 35. The statute does not contain an exception for situations in which the party had notice of the proceedings and an opportunity to be heard. *Supra* ¶ 59 (McBride, J., specially concurring) (Jasmine "did not appear late in these proceedings. She appeared early on through her attorney Clark, and she had an opportunity to be heard.")). "A judgment rendered without service of process, either by summons or by publication and mailing, where there has been neither a waiver

of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). As found by our supreme court,

> "The statute plainly provides that a party waives 'all objections' to the court's personal jurisdiction by filing a responsive pleading or motion before challenging the court's jurisdiction. Under section 2-301(a), the waiver of objections to personal jurisdiction is comprehensive when a party submits to the court's jurisdiction by initially filing a responsive pleading or motion." *BAC Home Loans*, 2014 IL 116311, ¶ 34.

¶ 120   By limiting the ways in which a party waives all objections to personal jurisdiction to the filing of a responsive pleading or motion or the making of a substantive argument on the merits, the statute protects parties from inadvertently submitting to the circuit court's jurisdiction by, for example, appearing to request a continuance or simply remaining in the courtroom while the trial court enters substantive orders without objecting. *Id.* ¶ 40 (discussing purpose behind eliminating distinction between general and special appearance). Indeed, in a number of cases where a defendant's participation was greater than Jasmine's attorney's, courts have interpreted Illinois law to hold that the participation in those cases did not waive objections to personal jurisdiction because no pleading or motion was filed before the defendant objected to jurisdiction.

¶ 121   In *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 593-94, 597 (2006), the defendant's attorney filed an appearance and jury demand and participated in discovery before asserting its objections to personal jurisdiction. The *KSAC Corp.* court found that neither "filing a jury demand nor responding to a discovery request fits the description of either a pleading or a

motion," so the "defendant's actions *** did not result in waiver of its objection to personal jurisdiction." *Id.* at 597.

¶ 122   In *Larochelle v. Allamian*, 361 Ill. App. 3d 217, 220 (2005), the defendant filed an appearance, and the defendant's first pleading was a motion for an extension of time and page length regarding its expected motion to dismiss for lack of personal jurisdiction and for failure to state a claim. The court found that the defendant did not waive a challenge to the trial court's personal jurisdiction. *Id.* at 220-21.

¶ 123   I disagree with the conclusion that "the circuit court's jurisdiction was established" (*supra* ¶ 60 (McBride, J., specially concurring)) because I disagree that the only reasonable inference from the pleadings and record on file is that Jasmine voluntarily, irrefutably conceded that the circuit court had jurisdiction in December 2015. See *supra* ¶ 19. Therefore, Jasmine's statements in 2024 cannot validate the trial court's orders entered in 2015 through 2017 that were without personal jurisdiction. See *Bank of America, N.A. v. Beauvoir*, 2014 IL App (1st) 130580-U, ¶ 24 ("our supreme court put an end to the debate, holding that a party's voluntary submission to the circuit court's personal jurisdiction is prospective-only and does not retroactively validate prior orders entered without jurisdiction"). The majority's claim that Jasmine's later "concession did not retroactively create consent to jurisdiction for the 2017 modification order" (*supra* ¶ 24) is belied by its holding that Jasmine's concession in 2024 *forfeited* Jasmine's challenge to personal jurisdiction in 2015. The finding that Jasmine waived any claim that the trial court did not have personal jurisdiction in 2015, based on Jasmine's attorney's statement in 2024 that the trial court did have personal jurisdiction in this case, works as a retroactive validation of prior orders entered without personal jurisdiction, which is strictly forbidden. *BAC Home Loans*, 2014 IL 116311, ¶ 43 ("We, therefore, reaffirm the longstanding rule that 'a party who submits to the

court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date.' [Citation.]").

¶ 124   This decision will wreak havoc on Illinois law. As a consequence of this decision, wary practitioners can no longer rely on the guarantee of the statute that objections to jurisdiction are waived only if a responsive pleading or motion is filed before contesting jurisdiction because, under this decision, this court or some other court can make up its own rules for when the objection to jurisdiction is waived. Courts may not properly construe a statute by altering its language in a way that constitutes a change in the plain meaning of the words actually adopted by the legislature. *U.S. Bank National Ass'n v. Clark*, 216 Ill. 2d 334, 346 (2005).

¶ 125   I find that Jasmine did not consent to the circuit court's jurisdiction pursuant to section 205(a)(2) on December 9, 2015, nor did she waive her objections to personal jurisdiction by requesting a continuance for time to plead. Because Jasmine did not consent to the circuit court's continuing exclusive jurisdiction to modify its child support order on December 9, 2015, the circuit court did not have personal jurisdiction over Jasmine on December 9, 2015, pursuant to section 202 of UIFSA. Furthermore, because Jasmine did not waive her objection to the circuit court's personal jurisdiction by filing a responsive pleading or a motion, Jasmine did not voluntarily submit to the circuit court's jurisdiction under any rule of this state. I would reverse the order granting summary judgment and remand for further proceedings on Jasmine's motion.

¶ 126   I respectfully dissent.

---

*In re Parentage of Jade J.*, **2025 IL App (1st) 241803**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 09-D-91417; the Hon. James Kaplan and the Hon. William Yu, Judges, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Myra A. Foutris, of Foutris Law Office, Ltd., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Matthew C. Arnoux, of Arnoux Sharma Standeford, LLC, of Chicago, for appellee. |

---